**SCHURTZ, Plaintiff, v. CAIN, Clerk, Defendant.**

Common Pleas Court, Franklin County.

No. 194542.  Decided December 3, 1956.

Thomas W. Applegate, C. Richard O'Neil, Columbus, for plaintiff.
Chalmers P. Wylie, City Atty., Russell Leach, Chief Counsel, Columbus, for defendant.

## OPINION

By BARTLETT, J.

**MOTION OF DEFENDANT SUSTAINED FOR JUDGMENT OF DISMISSAL AT CLOSE OF PLAINTIFF'S CASE, AT PLAINTIFF'S COSTS.**

The plaintiff in this action, seeks to enjoin the defendant as Clerk of said city from certifying to the Council of the City of Columbus, the transcript of the proceedings of the Board of County Commissioners, ordering the annexation of 90.23 acres situated in Franklin Township of this county and the accompanying map or plat, and to further enjoin the defendant from any further proceedings with respect to said proposed annexation.

The case has been submitted upon the pleadings, the evidence and the briefs of counsel.  At the close of plaintiff's case, counsel for the defendant moved that the Court grant a judgment of dismissal and thereafter submitted their brief in support of said motion.  Counsel for the plaintiff has not seen fit to submit any brief opposed to said motion within the time requested therefor.

The difficulty in this case is that plaintiff has not presented any

evidence upon most of the objections raised in her petition to the proposed annexation; but, in fact, her evidence contradicts in many respects the averments of her petition. The evidence discloses that throughout the time in question, plaintiff has been and still is a resident of the City of Columbus, notwithstanding the averments of her petition that she is a resident within the area sought to be annexed to said city, and that if said territory were annexed, as a resident of a rural community she would be subject to the antiquated ordinances of the City of Columbus and its income tax. Of course as a resident she was already subject to these alleged burdens, but no evidence was offered concerning any alleged antiquated ordinances nor any source of plaintiff's income subject to such tax.

Plaintiff's testimony merely shows she has owned for many years some 49 acres of land in the territory sought to be annexed, which land is farmed by her on shares with the man she employs to do the farming.

The petition avers the plaintiff is a "person interested" in said annexation as contemplated by §§707.11 and 709.07 R. C., and other related sections of the Revised Code of Ohio.

In the case of Markos v. Cain, No. 191,704 on the dockets of this court, the evidence disclosed that plaintiff Markos was not a resident of the area sought to be annexed the same as the plaintiff Schurtz in the instant case; and Judge Gessaman in the Markos case, construed the term "person interested" as used in such statute, "to mean that to qualify as a person interested, one's rights must be affected substantially, but not remotely, by the annexation itself."

In the case of Branson v. Cain, No. 194,081, on the dockets of this court, again the evidence shows the plaintiff was not a resident of the area sought to be annexed and Judge Draper ruled:

"In order for a plaintiff to maintain such type of action, he must not only show his interest in the action but how the alleged annexation adversely affects his legal rights."

To the same effect, see Judge Draper's decision in the case of Dunford v. Cain, No. 194,082, dockets of this court.

The burden of proof is upon the plaintiff seeking an injunction in an annexation petition. Lamneck v. Cain, supra, Judge Rutherford, sitting by assignment in case of Rouch v. Barthalow, No. 179,742, dockets of this court (105 N. E. [2d] 85) appeal dismissed by Supreme Court; 21 O. Jur. Injunctions, Sec. 202, p. 1277.

Clear proof rather than mere preponderance of the evidence, is required in such cases. Draper, J., in Dunford v. Cain, supra; 21 O. Jur. Injunctions, Sec. 204, p. 1280.

"To entitle a party to an injunction his right must be clear. It is said that no rule in equity is better settled than this. Injunctions are issued to prevent injury to clear right, and the cases which will justify interference of this kind are those of clear, incontestable, well defined rights. Courts will not exercise this extraordinary authority when the right is doubtful or the facts are not definitely ascertained." 21 O. Jur. Injunctions, Sec. 13, p. 1000.

- - - - -

"The extraordinary character of the remedy of injunction, and the

danger that its use in improper cases may cause serious loss or inconvenience. to an innocent party, require that the injunctive power shall be exercised sparingly and cautiously and only after thoughtful deliberation." 21 O. Jur. Injunctions, Sec. 18, p. 1007; Arthur Murray Studios v. Witter, 62 Abs 17; Ohio-Midland Light and Power Co. v. Columbus and Southern Ohio Electric Co., 69 Abs 56.

Under the evidence at the close of plaintiff's case, it is the Court's finding that the plaintiff has not first established any interest which she has, so as to entitle her to raise questions of errors or irregularities as to procedure. Certainly there is no evidence before the Court from which it can be determined that the County Commissioners did not act in the proper manner upon the questions now before this Court.

This Court must find that the plaintiff has not maintained the issues on her part to be maintained in showing a right to bring this action; and, therefore, sustains the motion of defendant for a judgment of dismissal at the close of the plaintiff's case. Entry accordingly with exceptions by counsel for plaintiff.