TERWILLIGER *v.* LESTER ET AL.

[Cite as Terwilliger v. Lester, 21 Ohio Misc. 18.]

20

(No. 79505—Decided November 18, 1969.)

Common Pleas Court of Trumbull County.

22

Mr. *Albert F. Swartz,* for plaintiff, Margaret Terwilliger.

Mr. *Mitchell F. Shaker,* city solicitor, for defendant, Patrick Sullivan.

Mr. *R. C. Westenfield,* for defendant, Michael E. Lester.

WINTER, J. (of Medina County, by assignment). The issues presented by defendants' motion will be discusesd in the following order:

1. Is the plaintiff required to establish irreparable injury to herself in order to obtain injunctive relief?

2. Are annexation proceedings and their determination within the sound discretion of the Board of County Commissioners and has the court authority to interfere with, or control the board's legitimate discretion?

3. Is the plaintiff a "person interested" within the meaning of Section 709.07, Revised Code?

4. Has the plaintiff shown a legal capacity to maintain the subject action?

FIRST, must the plaintiff establish irreparable injury to herself in order to obtain the injunctive relief herein prayed for? It is to be noted that the rule limiting injunctions to cases of irreparable injury is but another way of stating that an injunction will not be granted if there is an adequate remedy at law. (See 29 Ohio Jurisprudence 2d 207.)

It is the opinion of this court that Section 709.07, Revised Code, dealing with injunction against annexation, was enacted to do just what it says, namely, to provide the procedure whereby: "* * * any person interested may make application by petition to the Court of Common Pleas praying for an injunction * * *" and, if all matters required in paragraph D (1) and (2) are found to be present by clear and convincing evidence the injunction shall be ordered. It is the further opinion of this court that actions brought under this section are the exception to the general rule of law limiting injunctive relief to cases of irreparable injury. Under this section no claim of irreparable injury need be alleged or proven, and the court so finds.

Second, does the court have authority to interfere with, or control, the sound discretion of the Board of Commissioners of Trumbull County, Ohio? The law of Ohio, Chapter 709, Revised Code, has vested in the boards of county commissioners the authority, and has prescribed the procedures, whereby annexation of territory adjacent to a municipality may be accomplished. So long as the commissioners act honestly and in good faith, and keep within the limits of the powers given them by the law, the courts have no authority to interfere with or control their legitimate discretion (See 29 Ohio Jurisprudence 2d 242). This court has no power to substitute its opinion or discretion for that of the Trumbull County Commissioners in matters such as their approval of the annexation petition in question on December 31, 1968, which the law has placed within their control. In the absence of showing that the board abused that legitimate discretion or acted illegally this court has no authority to interfere, and it is so found.

Third, is the plaintiff a "person interested" within the meaning of Section 709.07, Revised Code? The court believes that the fourth issue, legal capacity to sue, may be combined with "person interested" for the purpose of discussion. If the plaintiff is such a "person interested," obviously, she has legal capacity to initiate the action in the case at bar.

Plaintiff contends that the more specific provisions supplied by the General Assembly in the amendment to Section 709.07, Revised Code, effective December 1, 1967, which require a petitioner seeking to enjoin presentation of an annexation petition and other papers, to show that:

"D (1) The annexation would adversely affect the legal rights or interests of the petitioner;

"(2) There was error in the proceedings before the board of county commissioners pursuant to Section 709.032 or 709.033 of the Revised Code, or that the board's decision was unreasonable or unlawful."

are expressive of legislative intent to broaden and enlarge the meaning of the words "any person interested."

The Supreme Court of Ohio in the case of *Wachendorf* v. *Shaver*, 149 Ohio St. 231, stated:

"The court must look to the statute itself to determine legislative intent and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act, and in the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used."

The former Section 709.07, Revised Code, contained no directive with respect to a finding by the court of petitioner's showing "by clear and convincing evidence" of both, the adverse effect of; or the error in proceedings of the proposed annexation. Thus, applying the common, ordinary and accepted meaning to the words of the statute, the provisions of the presently effective section appear as obvious limitations, rather than enlargements to the grounds for injunction in annexation proceedings. Furthermore, under this provision, it is not enough to show one of the grounds, the court must now find "all of the following by clear and convincing evidence." Which is so say, that, unless all of the matters set forth in (1) and (2) of paragraph D, Section 709.07, Revised Code, are found by the court, the petition to enjoin the annexation in question shall be dismissed.

Accordingly, there is no reason to believe that previous court interpretations of the words "any person interested" have been modified by the 1967 amendments.

In the case of *Markos* v. *Cain*, 78 Ohio Law Abs. 560, the court held, paragraph 1 of the headnotes:

"Every annexation subtracts considerable taxable property from one area and adds it to another and such fact, in and of itself, does not make plaintiff, a resident of the township but not of the area sought to be annexed, a 'person interested' within the meaning of Section 707.11, Revised Code."

And further, in paragraph 3 of the headnotes, the court held:

"To qualify as a 'person interested' * * * one's rights

must be affected substantially, but not remotely, by the annexation itself and such requirement is not met solely by one's interest in a proposed incorporation of a larger area of which the area sought to be annexed is a part." See, also, *Branson* v. *Cain*, 76 Ohio Law Abs. 21, *Schurtz* v. *Cain*, 75 Ohio Law Abs. 132, and *McClintock* v. *Cain*, 74 Ohio Law Abs. 554.

It is the opinion of this court that legislative intent, with respect to annexation of property by a municipality, is to protect, as a property right of a resident freeholder, freedom of choice as to the governmental subdivision in which he desires his property to be located. Having given this choice to resident freeholders it follows that the same intent is to exclude nonresident taxpayers as "interested" persons. Accordingly, this court finds that the plaintiff herein, being a resident of the township but not of the area sought to be annexed, is not a "person interested" within the meaning of Section 709.07, Revised Code.

FOURTH, having determined that the plaintiff is not a "person interested" in the subject annexation it follows that she does not have legal capacity to sue, nor is she a proper party plaintiff in the instant case, and this court so finds.

For the foregoing reasons the court finds defendants' motion to dismiss plaintiff's petition and to dissolve the stay of proceedings order of July 8, 1969, is well taken and should be sustained.

The granting of defendants' motion, being dispositive of this case, no useful purpose can be served by further discussion of the other matters raised by the evidence and testimony adduced during the trial of this cause.