In re Lariccia.

[Cite as In re Lariccia (1973), 40 Ohio App. 2d 250.]

(No. 73 C. of A. 12—Decided June 27, 1973.)

Messrs. *Manos, Flask & Policy*, for appellants.
Mr. *Vincent E. Gilmartin*, prosecuting attorney, and
Mr. *Dennis Haines*, for appellee Mahoning County Board
of Commissioners.

LYNCH, P. J. Appellants, who own property on the
south side of Midlothian Boulevard in Boardman Town-
ship, just across the street from the boundary of the city
of Youngstown, filed a petition for annexation of one lot
to the city of Youngstown. After several proceedings, the
Mahoning County Board of Commissioners denied this
petition on a two to one vote. Appellants appealed the de-
cision of the Board of Mahoning County Commissioners,
pursuant to R. C. 307.56, to the Court of Common Pleas,
which affirmed the decision. Appellants are now appeal-
ing the decision of the Common Pleas Court to this court,
pursuant to R. C. Chapter 2506.

Two members of the Mahoning County Board of Com-
missioners gave the following reason for their decision
denying appellants' petition:

"* * * after reviewing testimony presented * * * the
changing of municipal boundaries may cause jurisdictional
problems, viz, accident, police and fire protection, road
maintenance and other varying conditions pertinent there-
to."

Commissioner John Palermo, who dissented, stated
that his decision was based on the following opinion of
the Court of Common Pleas in a previous appeal concern-
ing this same property, as follows:

"The Commissioners did not do what the statute, R.
C. 709.033 required them to do, to wit: make a finding
among others as to whether or not the general good of the
territory sought to be annexed will be served if the annexa-
tion is granted."

Appellants' property is located at 609 East Midlothian

Boulevard and contains a building in which a grocery store, with Italian specialities, is operated. This store is located just east of South Avenue.

The land lying east and west of appellants' property, as well as all the land on the south side of Midlothian Boulevard from the intersection of South Avenue at least to the intersection of Lake Park Road, is in Boardman Township.

The land lying along the north side of Midlothian Boulevard from South Avenue extending east to its boundary with the city of Struthers is in the city of Youngstown. West of South Avenue, from Market Street to beyond Euclid Boulevard, the boundary of the city of Youngstown extends across Midlothian Boulevard for several more blocks. The same is true between the west boundary of Lake Park Cemetery and the Youngstown-Poland Road. This would be east of South Avenue.

Appellants' sole assignment of error is that the Common Pleas Court erred in ruling that the Mahoning County Board of Commissioners had broad discretion which was exercised reasonably in their ruling denying the appellants' petition for the annexation of their property to the city of Youngstown.

The applicable statute in this case is R. C. 709.033, which became effective substantially in its present form on December 1, 1967 (132 Ohio Laws 364). It was amended, effective November 21, 1969 (133 Ohio Laws 2254). However, the 1969 amendments are not applicable to this case.

The pertinent provisions of R. C. 709.033 are as follows:

"After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that: * * *

"(D) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and *the general good of the territory sought to be annexed will be served if the annexation petition is granted. * * *"* (Emphasis ours.)

Prior to the enactment of R. C. 709.033, the applicable

statute was R. C. 709.03, which then stated that the board of county commissioners should follow the same proceedings for a petition for annexation as one required of an application to be organized into a village under R. C. 707.01 to 707.30.

The pertinent provisions of R. C. 707.07 that would have been applicable to this case, if still in effect, are as follows:

"After the hearing * * * the board of county commissioners shall enter an order on its journal allowing the incorporation if it finds that: * * *

"(I) It is right that the prayer of the petition be granted."

It was held in *Dabkowski* v. *Baumann* (1963), 175 Ohio St. 89, concerning the statutes then in effect, in paragraph three of the syllabus, as follows:

"Wide discretionary power and authority rests in the Board of County Commissioners in reaching a conclusion on the evidence submitted in an annexation proceeding before it."

We hold that the wide discretionary power and authority that the board of county commissioners had in annexation proceedings prior to the enactment of R. C. 709.-033 have been considerably curtailed by the enactment of such section. The Legislature, in enacting R. C. 709.033, has set the standards that a board of county commisioners must apply in an annexation proceeding in specific language, and has restricted the discretion of the board of county commissioners to definite factual determinations. The board of county commissioners still has some discretion in annexation proceedings, but it is limited to the specific areas designated in R. C. 709.033.

We hold that the legislative intent with respect to the annexation of property by a municipality, pursuant to R. C. 709.033, is to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located. See *Terwilliger* v. *Lester*, 21 Ohio Misc. 18, at page 26.

We further hold that under R. C. 709.033 the desires

and intentions of the sole owners as to the good of the territory sought to be annexed must be given greater weight and consideration than those of other residents of the township whose property is not included in the annexation proceedings. See *Weber* v. *Williams,* 32 Ohio App. 2d 65; *In re Long,* 26 Ohio Misc. 6, at page 8; *Terwilliger* v. *Lester, supra.*

In this case, the Mahoning County Planning Commission recommended the approval of appellants' petition. The evidence indicated that the boundary line of the city of Youngstown extends south of East Midlothian Boulevard for substantial segments of such street and that the city of Youngstown already has jurisdiction over considerable property located on the south side of East Midlothian Boulevard. There are existing agreements between the city of Youngstown and the County Engineer as to the maintenance of Midlothian Boulevard and the removal of snow and ice. The city of Youngstown can provide as good or better police and fire protection as Boardman Township for the property at issue. Some confusion at times might develop as to whether the city of Youngstown or Boardman Township would have jurisdiction in case of a fire or crime if this property is annexed, as is the case with other property located on the south side of Midlothian Boulevard. However, we feel that whatever this risk, it is no different than that of many other property owners presently living on the south side of East Midlothian Boulevard and that the decision of the sole owners of this property to assume whatever jurisdictional inconvenience might occur if their property will be annexed to the city of Youngstown must be given more weight and consideration than the residents of Boardman Township whose property is not included in these annexation proceedings and who raised these jurisdictional problems in opposition to this petition for annexation.

The evidence also revealed that if appellants' property was annexed to Youngstown its fire insurance rates would be reduced between five and ten percent, and that there would be a reduction of twenty-five percent in sewer and water rates.

Appellants had been in the grocery business at 21 East Federal Street, Youngstown, Ohio for sixteen years. Due to urban renewal, they had to relocate. They wanted to locate in Youngstown, but the land in Boardman Township that they purchased was the closest they could get to Youngstown. While in Youngstown, they handled domestic and Italian wines along with an Italian food line. They thought that they lost some business because Boardman Township is dry and they cannot obtain a permit to sell beer and wine. It was their opinion based on their experience that their business would improve if they could obtain such a permit.

There was much opposition from Boardman Township officials and residents to appellants' petition for annexation. However, most of the reasons presented in opposition to this petition for annexation pertained to the general good of Boardman Township rather than the general good of the territory sought to be annexed. Much opposition was directed to appellants' desire to obtain a permit to sell beer and wine when the residents of Boardman Township were opposed to the sale of any intoxicating liquor in their township.

In Ohio, the question of whether the sale of intoxicating liquors is permitted in a municipality or township is left up to the residents thereof. The residents of Boardman Township have voted against the sale of intoxicating liquors in their township. However, there is nothing in the law that prohibits property owners who live in Boardman Township adjacent to the city of Youngstown and who do not agree with the will of the rest of the Boardman Township residents on this question to seek to be annexed to the city of Youngstown pursuant to R. C. Section 709.033. We hold that the only relevancy the sale of intoxicating liquors on appellants' property has to annexation proceedings conducted pursuant to R. C. 709.033 concerns whether the right to sell beer and wine would be for the general good of the property sought to be annexed.

In the instant case, the testimony of appellants that their grocery business would improve if they could obtain a permit to sell beer and wine was not refuted by any

credible testimony. Therefore, the evidence is clear and convincing that the general good of the territory to be annexed will be served if the annexation petition is granted. The majority of the Mahoning County Board of Commissioners obviously did not comply with the provisions of R. C. 709.033 in arriving at their decision.

We find that the order of the Mahoning County Board of Commissioners denying appellants' petition for the annexation of their property to the city of Youngstown is illegal, unreasonable and unsupported by the preponderance of substantial, reliable and probative evidence on the whole record.

The judgment of the Court of Common Pleas is reversed and this cause is remanded to the Mahoning County Board of Commissioners with instructions to approve appellants' petition for annexation to the city of Youngstown.

*Judgment reversed and cause remanded.*

DONOFRIO and O'NEILL, JJ., concur.