TOLEDO TRUST CO. ET AL., APPELLEES, *v.*
BD. OF COMMISSIONERS OF LUCAS CO., APPELLANT.

(No. L-77-200—Decided December 9, 1977.)

*Mr. Benjamin B. Durfee,* for appellees.

*Mr. Anthony G. Pizza,* prosecuting attorney, for appellant.

BROWN, J.   The Board of Commissioners of Lucas County appeals from a final judgment of the Lucas County Common Pleas Court which reversed a decision of the Board. The Board's decision denied the petition of appellees, five owners of real estate, to annex 116 acres in Sylvania Township to the Village of Ottawa Hills.

The owners of the territories sought to be annexed appealed the decision of the Board of Commissioners to the Common Pleas Court. The Common Pleas Court heard and decided the appeal based on the properly filed transcript of the proceedings before the Board, the exhibits, the briefs, and the arguments of counsel.

The sole assignment of error is that the Common Pleas Court erred in determining that the decision of the Board of

Commissioners was illegal and unsupported by the preponderance of substantial, reliable and probative evidence and, therefore, was an improper exercise of discretion based on the record before it.

The assignment of error is not well taken for the following reasons. We affirm.

The annexation of territory to a municipal corporation is subject to R. C. 709.033. The relevant portions thereof provide:

"After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:

"(A) The petition contains all matter required in section 709.02 of the Revised Code.

"(B) Notice has been published as required by section 709.031 [709.03.1] of the Revised Code.

"(C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.

"(D) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted.

"The board of county commissioners shall grant or deny the petition for annexation within ninety days after the hearing set pursuant to section 709.031 [709.03.1] of the Revised Code.***"

The resolution of the Board of Commissioners of Lucas County in denying annexation, *inter alia,* determined as follows:

"Whereas, there was also presented to this Board by the Clerk, a letter from the County Engineer, which states that although the map and description are accurate and it included a majority of the freeholders signatures, there could be some confusion as far as police and fire protection, road maintenance, and for utilities services inasmuch as Hasty Road would be split between Ottawa Hills, City of Toledo, and Sylvania Township; and

"Whereas, this Board having heard all evidence and all those desiring to be heard; now, therefore, be it

"Resolved, by the Board of County Commissioners of Lucas County, Ohio, that in their opinion it is not to the best interest of the people of Sylvania Township to grant said petition, therefore, said annexation petition #I-77, is hereby dismissed."

It was conceded by the parties hereto that at the time of the annexation hearing before the Board of Commissioners the owners had fulfilled all the requirements of paragraphs (A), (B) and (C) of R. C. 709.033 and that those requirements of paragraph (D) thereof—namely, that the territory included in the annexation petition should not be unreasonably large, and that the map or plat be accurate—were met by the owners of the territory sought to be annexed. The parties proceeded in the annexation hearing on the theory that the only issue remaining to be determined by the Board of Commissioners was that part of paragraph (D) of R. C. 709.033 pertaining to a determination that "the general good of the territory sought to be annexed will be served if the annexation petition is granted." An analysis of the Board's resolution denying annexation makes it obvious that the Board did not follow paragraph (D) of R. C. 709.033 which mandates a consideration and finding of whether "the general good of the territory sought to be annexed will be served if the annexation petition is granted." Instead, the Board, as evidenced in its resolution, found that "in their opinion it is not to the best interest of the people of Sylvania Township to grant said petition."

The record reveals also that the Board at the annexation hearing considered many matters extraneous and irrelevant to a consideration and finding of the "general good of the territory sought to be annexed."[2] The record reveals also that in reaching its decision denying annexation, the Board did not consider the general good of the territory sought to be annexed, and it was no slip of the pen that the Board's resolution did not mention the good of the territory sought to be annexed but

---

[2] Appellant argued that the proposed annexation would reduce the inside millage and result in a loss of $575,000 to $600,000, thereby affecting the area to be annexed. The record contains no evidence of such millage loss. Even, arguendo, if such millage loss would occur, it is conjectural that the good of the area would be adversely affected.

instead determined what was for "the best interests of the people of Sylvania Township."

The word "territory" in the phrase "the general good of the territory to be annexed," as used in R. C. 709.033 relative to the annexation of land to a municipality, means the owners and inhabitants of the territory. *In re Long* (1970), 26 Ohio Misc. 6.

The enactment, in 1967, of R. C. 709.033 substantially curtailed the discretion to be exercised by boards of county commissioners in annexation proceedings. The statute establishes specific standards to be applied by a board to the evidence before it in annexation proceedings and grants to a board the discretion to make only those factual determinations specifically prescribed in the statute. The statute directs that the ultimate focus of annexation proceedings be on "the general good of the territory sought to be annexed," and requires the granting of the petition when it is shown that such benefit would result. *Lariccia* v. *Board of Commrs.* (1974), 38 Ohio St. 2d 99.

The legislative intent with respect to the annexation of property by a municipality pursuant to R. C. 709.033 is to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located. *In re Lariccia* (1973), 40 Ohio App. 2d 250.

The foregoing principles were, likewise, fully explored and followed in *In re Kucharski,* unreported, Second Appellate District, decided September 20, 1977, in which two members of this court participated. In a well-reasoned, succinct and thoroughly analytical memorandum opinion in the Toledo Trust Company case at bar, the Lucas County Common Pleas Court has reached the same conclusion we have reached in this appeal. We adopt that opinion in its entirety.

*Judgment affirmed.*

POTTER, P. J., and WILEY, J., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.