OLMSTED TOWNSHIP BOARD OF TRUSTEES
et al., Appellees and Cross–Appellants,

v.

CITY OF BEREA et al., Appellants and Cross–Appellees.

[Cite as *Olmsted Twp. Bd. of Trustees v. Berea* (1999), 134 Ohio App.3d 688.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 75426 and 75427.

Decided Sept. 13, 1999.

*Kelly, McCann & Livingstone, L.L.P., Stephen M. O'Bryan* and *Robert A. Brindza,* for appellees and cross–appellants.

*Climaco, Climaco, Lefkowitz & Garofoli Co., L.P.A., Anthony J. Garofoli* and *David M. Cuppage;* and *Gregory M. Sponseller,* Berea Director of Law, for appellants and cross–appellees.

———————

O'DONNELL, Presiding Judge.

The city of Berea appeals, and the Olmsted Township Board of Trustees and Joseph and David Hollo cross-appeal from a judgment of the common pleas court, which enjoined the clerk of city council and the finance director of Berea from presenting papers to the city council in connection with the annexation of approximately one hundred ninety acres of Olmsted Township to the city of Berea and further enjoined the city from passing legislation accepting that annexation. Berea complains on appeal that the court applied an inappropriate standard of review regarding whether the good of the territory would be served by annexation, improperly found an apparent self-interest heightened by the annexation, and incorrectly determined this annexation smacks of strip, shoe-string, subterfuge, corridor, and gerrymander annexation. The cross-appellants urge affirmance of the trial court's injunction. After a careful and thorough review of the record here and the law, we affirm the judgment of the trial court in this case.

These matters have been previously litigated in our court on at least two occasions. See case Nos. 67797 and 73782. The history of this case reveals that on February 14, 1997, Ellis Y. Lovell, agent for several landowners supporting annexation, filed a petition with the Cuyahoga County Board of Commissioners seeking to annex approximately one hundred ninety acres of land located in Olmsted Township to the city of Berea. Joseph and David Hollo, whose seventy-one-acre horse farm comprises a large portion of the land sought to be annexed, opposed the petition. After Lovell made the necessary filings with the municipalities, the commissioners conducted a hearing on June 3, 1997 and approved the proposed annexation.

On November 14, 1997, in case No. 73782, the Olmsted Township Board of Trustees and Joseph and David Hollo sought an injunction to enjoin the annexation, which the common pleas court denied. On appeal from that decision, however, this court reversed and ordered the trial court to permit cross-examination of the parties at the hearing held in common pleas court. On remand, the trial court conducted a second hearing and, after cross-examination, enjoined the annexation.

Berea now appeals from that order and assigns three errors for our review, and the Olmsted Township Board of Trustees and Joseph and David Hollo cross-appeal, urging affirmance of the order.

Berea has assigned the following for our consideration in opposition to the injunction:

## I.

"The trial court erred to the prejudice of defendants–appellants in granting a permanent injunction enjoining defendants from passing legislation accepting the annexation petition by applying an inappropriate standard to determine whether the good of the territory to be annexed will be served by the proposed annexation."

## II.

"The trial court erred to the prejudice of defendants–appellants in granting a permanent injunction enjoining defendants from passing legislation accepting the annexation petition and finding that an apparent self–interest is heightened by the proposed annexation."

## III.

"The court erred to the prejudice of defendants–appellants in granting a permanent injunction and finding that the proposed annexation amounts to improper strip, shoestring, subterfuge, corridor and gerrymandering annexation."

We begin our review of these claims by examining the statutes that govern annexation.

R.C. 709.02 provides that owners of real estate adjacent to a municipal corporation may cause the territory to be annexed by filing a petition with the board of county commissioners that contains:

"(A) A full description and accurate map or plat of the territory sought to be annexed;

"(B) A statement of the number of owners of real estate in the territory sought to be annexed; [and]

"(C) The name of a person or persons to act as agent for the petitioners."

Following a public hearing before the commissioners on the petition, R.C. 709.033 requires the commissioners to approve the annexation if:

"(A) The petition contains all matter required in section 709.02 of the Revised Code.

"(B) Notice has been published as required by section 709.031 of the Revised Code.

"(C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.

"(D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 of the Revised Code.

"(E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted."

Thereafter, if the commissioners approve the annexation, any interested person may, pursuant to R.C. 709.07, petition the common pleas court to enjoin annexation. That statute mandates what action the common pleas court may take on the petition for injunction:

"(D) The petition for injunction shall be dismissed unless the court finds the petitioner has shown by clear and convincing evidence that the annexation would adversely affect the legal rights or interest of the petitioner, and that:

"(1) There was error in the proceedings before the board of county commissioners pursuant to section 709.032 or 709.033 of the Revised Code, or that the board's decision was unreasonable or unlawful; or

"(2) There was error in the findings of the board of county commissioners.

"(E) If the court finds all the matters required in divisions (D)(1) and (2) of this section it shall make an order enjoining the auditor or clerk of the annexing municipal corporation from presenting the annexation application and related papers to the legislative authority."

Last, we concern ourselves with the scope of review of an appellate court in matters of this kind.

In *In re Annexation of 1,544.61 Acres* (1984), 14 Ohio App.3d 231, 233–234, 14 OBR 259, 262, 470 N.E.2d 486, 490, the court stated:

"[T]his court has a limited function, which does not involve a determination as to the weight of the evidence. Our inquiry is limited to a determination of whether we can say, as a matter of law, that there did exist a preponderance of reliable, probative and substantial evidence to support a finding that the annexation territory is not unreasonably large. If so, we must reverse the common pleas court; otherwise, the judgment of that court as to that point must be

affirmed. *Dudukovich* [*v. Lorain Metro. Housing Auth.* (1979), 58 Ohio St.2d 202, 207–208, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1116–1117]."

■ Here, then, we examine the trial court's ruling to determine whether it is supported by reliable, probative, and substantial evidence.

Initially, we recognize that the trial court, in accordance with R.C. 709.07(D), determined, and counsel conceded at trial and during oral argument before our court, that the annexation of the Hollo property would adversely affect the legal rights or interests of Joseph and David Hollo. As the court stated in *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 286, 530 N.E.2d 902, 904:

"Appellants begin by claiming that a person owning land in a territory to be annexed to a municipality is, without more, adversely affected if that person does not desire to have his land annexed. We agree. In enacting the statutes governing annexation, one of the intentions of the legislature was 'to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located.' *Toledo Trust Co. v. Bd. of Commrs.* (1977), 62 Ohio App.2d 121, 124, 16 O.O.3d 265, 267, 404 N.E.2d 764, 766."

■ Next, then, we review the trial court's decision regarding whether error occurred in proceedings before the board, or its decision was unreasonable or unlawful or whether the board erred in its findings. In this regard, the trial court, following *Middletown,* found that the board erroneously determined the general good of the territory to be annexed would be served by annexation. The trial court made its finding on three bases: that the general good could be served without the Hollo property, that annexation would heighten self-interest in the "proposed total annexed property to be developed," and that the proposed annexation smacks of "strip, shoestring, subterfuge, corridor and gerrymander annexation." Thus, the dispositive issue before us concerns whether the trial court's decision that the commissioners erroneously determined the annexation would serve the general good of the territory is supported by a preponderance of reliable, probative, and substantial evidence.

We begin by examining *In re Petition to Annex 320 Acres to Village of S. Lebanon* (1992), 64 Ohio St.3d 585, 599, 597 N.E.2d 463, 473, where the court stated:

"A reviewing court cannot make its own findings of fact as to the propriety of a petition for annexation by deleting territory previously approved by a board of county commissioners. Such an approach, if permitted, would allow individual landowners to successfully veto a proposed annexation even though it would benefit the entire territory to be annexed. A single owner's preference cannot, in accord with the intent of the annexation statutes, take precedence over the good

of the territory as a whole and the desires of a majority of the owners within the area to be annexed.

"If a landowner is dissatisfied with a proposed petition for annexation, he or she may seek an amendment of the petition and removal of their property therefrom pursuant to R.C. 709.032, which provides in pertinent part:

" 'The petition may be amended without further notice by leave of the county commissioners with the consent of the agent for the petitioners where such amendment does not add to the territory embraced in the original petition. If any amendment is permitted, whereby territory not before embraced is added, the board shall appoint another time for the hearing, of which notice shall be given as specified in section 709.031 of the Revised Code.' "

Further in *Middletown,* the court summarized the process, 39 Ohio St.3d at 288–289, 530 N.E.2d at 906:

"Consequently, a board of county commissioners' decision whether the general good of the area to be annexed will be served may be overturned only if the reviewing court finds it to be 'unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record.' R.C. 2506.04."

Here, the trial court acknowledged in its judgment entry that the evidence presented at the August 18, 1998 hearing gave it a better understanding of the annexation, and it stated, "The farm is unnecessary to the annexation of the rest · of the territory." In addition, the court stated that the "good of the territory to be annexed will be served just as much *with or without* the property in question being included." (Emphasis in original).

From our review of the transcript and the record before us, Joseph and David Hollo have demonstrated by clear and convincing evidence that the proposed annexation would adversely affect their interests and also that the commissioners erroneously concluded the annexation would serve the general good of the entire territory to be annexed. The annexation obviously would not serve the interests of maintaining a horse farm, and, as the trial court noted, an apparent self-interest in the proposed total annexed property to be developed exists, and that self-interest would be heightened by annexation of the Hollo property. This heightened self-interest is an admission by Lovell that he seeks annexation to increase his property value and the "developability" of the property, and that configuration of the one-hundred-ninety-acre parcel excluded the Cole property at Cole's request, but included the Hollo property to increase value to the proposed future development.

Accordingly, we have concluded that the decision of the common pleas court to enjoin this annexation is supported by reliable, probative, and substantial evi-

dence. The assignments of error advanced by the city of Berea are therefore overruled, and the cross-assignments of error are moot.

*Judgment affirmed.*

TIMOTHY E. MCMONAGLE and SPELLACY, JJ., concur.