OPINION *Page 2 
{¶ 1} Appellant, Plain Township Board of Trustees, appeals from the judgment of the Stark County Court of Common Pleas which affirmed the decision of the Stark County Board of Commissioners granting a petition for annexation filed by the City of Canton.
 STATEMENT OF FACTS AND CASE {¶ 2} On August 31, 2006, appellee, the City of Canton, by and through its agent, Samuel Sliman, filed a petition for annexation of 0.110 acres of land ("territory") from Plain Township to the City of Canton. The property is located at 3116 Market Avenue North and is referred to by appellant as the "DioGuardi Annexation." The territory is wholly owned by Carol Sylvester who signed the petition for annexation.
 {¶ 3} On November 16, 2006, the Stark County Board of Commissioners held a public hearing in accordance with R.C. 709.03. At the hearing, Samuel Sliman appeared as an agent of the petitioner, an agent of the City of Canton and a witness in favor of the petition for annexation.
 {¶ 4} After being duly sworn, Sliman stated that the territory sought to be annexed is .110 acres and borders the City of Canton on Market Avenue North. T.6. Canton is approximately 15,000 acres in territory. Sliman stated Market Avenue North is serviced by the City of Canton and services provided include plowing, paving and response by both the police and fire safety forces. T.6. Sliman stated the shape of the territory sought to be annexed is rectangular, "not something that's really strange or anything like that." T.33. Sliman stated that the annexation would be a benefit to the *Page 3 
current owners providing lower water rates, lower property taxes, eligibility for Canton community funding and access to police and fire services. T.40.
 {¶ 5} The evidence established that the taxable value of the territory is twenty one thousand eight hundred and forty dollars ($21,840.00). T.10 The annual real estate tax loss to Plain Township District 52 would be two hundred fifty three dollars and seventy three cents ($253.73). The annual real estate tax gain for the City of Canton would be sixty one dollars and eighty three cents ($61.83).
 {¶ 6} On December 12, 2006, the Stark County Board of Commissioners approved the annexation. In its approval, the Stark County Board of Commissioners found as follows:
 {¶ 7} "1) The petition contains all matters as required by ORC Section 709.02. The Notice required by ORC 709.31 was published. Procedures of 709.03 were proven.
 {¶ 8} "2) The persons whose names are subscribed to the petition are owners of the real estate within the territory sought to be annexed and, at the time of filing, the number of signatures on the petition constitute a majority of the owners of land within said territory.
 {¶ 9} "3) The map of the territory sought to be annexed is reasonably accurate.
 {¶ 10} "4) The good of the territory sought to be annexed will be served if the petition is granted.
 {¶ 11} "5) The Municipality to which the territory is proposed to be annexed has complied with Division B or ORC Section 709.031.
 {¶ 12} "6) The territory included in the annexation petition is not unreasonably large." *Page 4 
 {¶ 13} On January 9, 2007, appellant filed an administrative appeal in the Stark County Court of Common Pleas.
 {¶ 14} On April 23, 2007, the Stark County Court of Common Pleas issued a judgment entry affirming the decision of the Stark County Commissioners. In the entry, the trial court held the decision of the Board of Commissioners "was not unconstitutional, illegal, arbitrary, capricious, or unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record".
 {¶ 15} It is from this judgment entry that the appellants now seek to appeal, setting forth the following assignments of error:
 {¶ 16} "I. THE PROPERTY PROPOSED FOR ANNEXATION IS UNREASONABLY LARGE.
 {¶ 17} "II. THE BOARD OF COUNTY COMMISSIONERS HAD NO EVIDENCE BEFORE THEM TO FIND THAT THE GENERAL GOOD OF THE TERRITORY PROPOSED FOR ANNEXATION WOULD BE SERVED.
 {¶ 18} "III. THE PROPERTY PROPOSED FOR ANNEXATION DOES NOT MEET THE CONTIGUITY REQUIREMENT OF OHIO LAW."
 {¶ 19} Before addressing appellant's assignments of error it is important to consider the standard of review for both the common pleas court and the court of appeals in an appeal from the decision of the county board of commissioners on a petition for annexation.
 {¶ 20} In an appeal of an annexation decision, the common pleas court must consider the whole record including any new or additional evidence admitted pursuant to R.C. 2506.03 and determine whether the decision of the county board of *Page 5 
commissioners is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable and probative evidence. Henley v. City of Youngstown Bd. OfZoning Appeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433.
 {¶ 21} In an appeal from the judgment of the common pleas court on a petition for annexation, this Court has a more limited scope of review.Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. The standard of review for an appellate court is limited to questions of law and does not include the same extensive power to weigh and consider evidence as is granted to the common pleas court. Id. Under this standard of review the judgment of the common pleas court must be affirmed unless, as a matter of law, its decision is not supported by a preponderance of the substantial, reliable, and probative evidence.In re American Outdoor advertising, LLC, Union App. No. 14-02-27, 2003-Ohio-1820, at ¶ 5, citing Kisil v. Sandusky (1984),12 Ohio St.3d, 30, 34, 465 N.E.2d 848. This standard of review is tantamount to an abuse of discretion standard; therefore, an appellate court should reverse the trial court's judgment in such a case only upon a finding that the decision is unreasonable, arbitrary, or unconscionable. In reAmerican Outdoor Advertising, supra at ¶ 5; see, also, Kisil, supra 12 Ohio St.3d at fn. 4.; In re: Petition to Annex 100.642 Acres of VioletTownship into Village of Canal Winchester, Fairfield App. No. 03CA073,2004-Ohio-7092, at ¶ 11; Marsillo v. Stow City Council, Summit App. No. 22229, 2005-Ohio-473, at ¶ 11; Anderson v. City of Vandalia,159 Ohio App.3d 508, 2005-Ohio-118, 824 N.E.2d 568 at ¶ 22. *Page 6 
 I {¶ 22} In the first assignment of error, appellant argues that the trial court erred in affirming the decision of the Stark County Board of Commissioners and in finding that the territory sought to be annexed was not unreasonably large. Appellant argues that the proposed annexation is unreasonably large because it will create a peninsula in Plain Township which will cause a confusion of emergency services between Plain Township and the City of Canton.
 {¶ 23} Whether or not a territory sought to be annexed is unreasonably large is one of the factors a board of commissioners is required to consider pursuant to R.C. 709.033 (A)-(E) prior to granting a petition for annexation. The factors set forth in 709.033(A) are as follows:
 {¶ 24} "(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.02 of the Revised Code.
 {¶ 25} "(2) The persons who signed the petition are owners of real estate located in the territory proposed to be annexed in the petition, and, as of the time the petition was filed with the board of county commissioners, the number of valid signatures on the petition constituted a majority of the owners of real estate in that territory.
 {¶ 26} "(3) The municipal corporation to which the territory is proposed to be annexed has complied with division (D) of section 709.03
of the Revised Code.
 {¶ 27} "(4) The territory proposed to be annexed is not unreasonablylarge.
 {¶ 28} "(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed *Page 7 
and the surrounding area, if the annexation petition is granted. As used in division (A)(5) of this section, `surrounding area' means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed.
 {¶ 29} "(6) No street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway. For the purposes of this division, `street' `highway' as the same meaning as in section 4511.01 of the Revised Code."
 {¶ 30} In, In re Annexation of 1,544.61 Acres, (1984),14 Ohio App.3d 231, 232, 470 N.E.2d 486, 489, the Ninth District, in quoting a previous Ninth District case, stated that "`Any issue of `reasonableness' necessitates a comparison, a weighing of pros and cons. Therefore, the determination of [what is] unreasonably large requires a three-pronged analysis . . .:
 {¶ 31} "`(1) the geographic character, shape and size (acreage) of the territory to be annexed in relation to the territory to which it will be annexed (the city), and in relation to the territory remaining after the annexation is completed (the remaining Township area); * * *
 {¶ 32} "`(2) the ability of the annexing city to provide the necessary municipal services to the added territory. (Geographic as well as financial `largeness' may be considered. * * *)[and] *Page 8 
 {¶ 33} "`(3) the effect on remaining township territory if annexation is permitted. If the territory sought to be annexed is so great a portion of the township's tax base that the annexation would render the remaining township incapable of supporting itself, then the Board might reasonably conclude the proposed annexation is unreasonably large, although such annexation would benefit the territory sought to be annexed.' Herrick v. Bd. of County Commrs., Summit App. No. 9425, (Jan. 23, 1980) unreported, at 6." See also, Smith v. Orange Township Bd. OfTrustees, (Feb. 14, 1997), Delaware App. No. 96CA-E-08-043,1997 WL 116902.
 {¶ 34} Appellant argues that the annexation creates a peninsula which would cause a confusion of emergency services between Plain Township and Canton City.
 {¶ 35} However, we find that the evidence established that the area to be annexed was not unreasonably large. The area itself was not substantial, and its annexation would not significantly change the geographic character, shape or size of either the City of Canton or Plain Township. During the hearing, Sliman testified that the area sought to be annexed was approximately .110 acres of land, compared to Canton which is 15,000 acres. The annexation will increase the size of the City of Canton by a mere .00073 percent. Further evidence established that the annual loss of real estate tax revenue in the amount of $253.73 would not render Plain Township incapable of supporting itself.
 {¶ 36} Furthermore, there is no evidence to suggest that the annexation would create a peninsula which would create a confusion of emergency services. Sliman testified that the annexation of .110 acres is contiguous to Canton at Market Avenue North. Sliman stated that the City of Canton currently provides services to Market *Page 9 
Avenue North and would provide the annexed area with police and fire safety services. T.6. Chief Sabo, the Plain Township Fire Chief, testified that, when an area is annexed, both the County 911 system and the Sheriffs Department are notified of the annexation in order to avoid a confusion of emergency services to the annexed property and surrounding areas. T.30-32.
 {¶ 37} For these reasons, we find that the trial court did not commit error in affirming the Board of Commissioner's approval of the annexation petition even though the approval included a finding that the area was not unreasonably large. Accordingly, we hereby overrule appellant's first assignment of error.
 II {¶ 38} In the second assignment of error, appellant argues that the trial court erred in affirming the annexation because the Board of Commissioners had no evidence before them to show that the general good of the territory would be served if the annexation was granted. Specifically, appellant argues that the evidence presented failed to satisfy the "general good" requirement of R.C. 709.033(A)(5). We disagree.
 {¶ 39} As previously stated, R.C. 709.033(A)(5) requires that:
 {¶ 40} "(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted. As used in division (A)(5) of this section, `surrounding area' means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed." *Page 10 
 {¶ 41} We note that in enacting statutes governing annexation, one of the intentions of the legislature was "to give an owner of property freedom of choice as to the governmental subdivisions in which he desires his property to be located." Toledo Trust Co. v. Bd. OfCommrs. (1977), 62 Ohio App. 2d 121, 124, 404 N.E.2d 764, 766 citing,In re Lariccia (1973), 40 Ohio App. 2d 250, 318 N.E.2d 871. In this case the property owner petitioned the Stark County Board of Commissioners for the annexation.
 {¶ 42} However, the desires of the majority of owners alone, is not enough to satisfy the general good requirement. In re Witschey v. MedinaCty. Bd. Of Commrs., 169 Ohio App.3d 214, 2006-Ohio-5135,862 N.E.2d 535. The general good requirement includes both the desires of the property owner and the receipt of some benefit to annexed property and the surrounding area. Carlisle Twp. Bd. Of Trustees v. Elyria, Lorain App. No. 07CA009142, 2008-Ohio-1125; In re Witschey v. Medina Cty. Bd.Of Commrs., supra; see also, 709.033(A)(5). Additionally, the existence of some benefit must be supported by facts not simply by speculation, beliefs or desires. See In re Witschey v. Medina Cty. Bd. OfCommrs., supra; Copley Township Bd. Of Trustees v. Lorenzetti,146 Ohio App.3d 450, 2001-Ohio-1662, 766 N.E.2d 1022; Libis v. Akron Bd. OfZoning Appeals (1972) 33 Ohio App. 2d 94, 292 N.E. 2d 642.
 {¶ 43} In the case sub judice, the evidence established that the property owner sought the annexation, and the annexed property would benefit by receiving city services. Additionally, the evidence established that the annexation would not negatively affect 911 services and was not sought for development, therefore, the annexation would not have an adverse effect on the surrounding community. *Page 11 
 {¶ 44} Martin Mestel, the President of the Realty Association of Canton, testified that his main concern and the concern of the Tip Top Plaza tenants, who are in the area surrounding the area to be annexed, was that Canton would use the annexation as a "stepping stone" to further annex properties in the area, and that the tenants could not afford to pay city income tax. T.25. However, Mr. Sliman claimed that further annexation was not being sought stating: "We do not expect to extend any other annexations on or about this property." T.6. In addition, no specific immediate detriment to the surrounding area was articulated by Mr. Mestel.
 {¶ 45} Sliman further stated that the city would be providing municipal services, and that the territory to be annexed would be eligible for community funding, lower water rates and lower tax rates. Sliman testified:
 {¶ 46} "[T]he city will provide lower water rates, [the area] will have access to our police and fire protection. Taking nothing away from Plain Township, but they'll have access to our police protection, lower property taxes. Albeit not a whole lot, but — Community Development funds, access to that. There's nothing one — there's not one real big thing here. It's not like they're going to make a development there or something like that but — I hope I answered your question Commissioner Regula." T.40-41.
 {¶ 47} For these reasons, we find that the trial court's judgment affirming the decision of the Stark County Board of Commissioners in finding that the general good of the territory and the surrounding area would be met through annexation was not error. Accordingly, appellant's second assignment of error is not well taken and is hereby overruled. *Page 12 
 III {¶ 48} In the third assignment of error, appellant argues that the annexation does not meet the contiguity requirements of R.C. 709.02(A). Appellant argues that the annexation creates a balloon or peninsula configuration which does not comply with the requirement that an annexed territory must be adjacent, contiguous and adjoining. We disagree.
 {¶ 49} An annexation may be found to be unreasonable or unlawful if it is not adjacent to, or contiguous with the annexing municipality. "While it is generally agreed that some touching of the municipality and territory to be annexed is required, the law is unsettled as to what degree of touching is needed to fulfill the contiguity requirement."Middletown v. McGee (1988), 39 Ohio St.3d 284, 287, 530 N.E.2d 902, 905, citing, Annotation, What Land is Contiguous or Adjacent to Municipality as to be Subject to Annexation (1973), 49 A.L.R.3d 589, 598, Section 3(a). Although peninsulas are generally discouraged, their existence alone will not impede an annexation unless the decision to create the peninsula was unreasonable, illogical or arbitrary. In re appeal ofJefferson Township Bd. Of Trustees (1992), 78 Ohio App. 3d 493,605 N.E. 2d 435.
 {¶ 50} In this case, the evidence established that the .110 acre territory is located on the east side of Market Avenue North and directly touches Canton's corporate line.T.9. Sliman stated the area sought to be annexed is a rectangle. "It's not something that's really strange or anything like that." T.33. Sliman also testified:
 {¶ 51} "It borders the City of Canton by Market Avenue. Market Avenue is serviced by the City of Canton, both North and Southbound lanes in front of DioGuardis *Page 13 
actually all the way up to 55th Street. We service it by plowing, paving, as well as our safety forces both police and fire." T.6
 {¶ 52} Furthermore, there is nothing in the record to establish that the decision to create a rectangular area that touches Plain Township on three sides and the City of Canton on one side is unreasonable, illogical or arbitrary. For these reasons, appellant's third assignment of error is hereby overruled.
 {¶ 53} The Judgment of the Stark County Court of Common Pleas is hereby affirmed.
Edwards, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1