OPINION
{¶ 1} Appellee, Alyce Lucille Thornton, owns property in Violet Township, Ohio. On October 19, 2001, appellee signed and filed with the Fairfield County Board of Commissioners a petition for annexation of 100.642 acres of her property to appellant, the Village of Canal Winchester. On February 7, 2002, appellee informed the Board she wished to withdraw her signature from the petition. A hearing was held on March 12, 2002. By resolution dated June 25, 2002, the Board denied the petition, finding the annexation would not serve the "general good of the territory" sought to be annexed pursuant to R.C. 709.033.
 {¶ 2} On July 24, 2002, appellant filed an appeal with the Court of Common Pleas of Fairfield County. By judgment entry filed August 21, 2003, the trial court affirmed the Board's decision, finding the Board complied with the intent of R.C.709.033.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred in affirming the Fairfield County board of commissioners' denial of the annexation petition, based solely on the subjective wish of the property owner, where such property owner signed the annexation petition but then attempted to withdraw her name after the statutory deadline to do so had expired."
 I {¶ 5} Appellant claims the trial court erred in finding the Board's decision was not unlawful, arbitrary or against the manifest weight of the evidence. In particular, appellant challenges the Board's finding that annexation was not for the "general good of the territory" to be annexed. We disagree.
 {¶ 6} R.C. 2506.04 governs appeals from administrative agencies and states the following:
 {¶ 7} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 8} In Henley v. Youngstown Bd. of Zoning Appeals,90 Ohio St.3d 142, 147, 2000-Ohio-493, citations omitted, the Supreme Court of Ohio discussed the difference between the standards of review to be applied by the trial court and the court of appeals:
 {¶ 9} "Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. * * *
 {¶ 10} "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is `more limited in scope.' (Emphasis added.) * * *. `This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' * * * `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' * * *"
 {¶ 11} In reviewing the trial court's decision, this court must apply the abuse of discretion standard. Kisil v. Sandusky
(1984), 12 Ohio St.3d 30. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 12} In its resolution dated June 25, 2002, the Board set forth the following reasons for denying the annexation petition:
 {¶ 13} "Section 4: The Board of Commissioners further finds that the law requires that the desire of the owner in a sole owner annexation petition should be given considerable weight and deference when determining whether the general good of the territory sought to be annexed will be served if the annexation petition is granted.
 {¶ 14} "Section 5: The Board of Commissioners further finds that Ms. Thornton no longer desires for her property to be annexed into the Village of Canal Winchester, and further, since she believes that the best use of her land at this time is for farm land, that her property will receive no significant benefit if it were annexed into the Village of Canal Winchester.
 {¶ 15} "Section 6: The Board of Commissioners further finds that, for the reasons herein stated, the petition has failed to meet the requirements of R.C. 709.033(E) in that the granting of this single owner annexation petition would not serve the general good of the territory sought to be annexed, and therefore enters this order that DENIES THE PETITION TO ANNEX."
 {¶ 16} R.C. 709.033 governs resolutions granting annexations. Former subsection (E), applicable to this case, states the following:
 {¶ 17} "After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:
 {¶ 18} "(E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted."
 {¶ 19} Appellant argues it presented evidence of the services it could offer the territory; therefore, appellant established that annexation would serve the "general good of the territory."
 {¶ 20} Although we acknowledge such evidence was presented, we find the will of the sole property owner, appellee herein, is the best evidence of the "general good of the territory." Appellee specifically testified that she did not want her property annexed to the Village of Canal Winchester as she believed the best use of her land "would be farm as long as I'm living." March 12, 2002 Board T. at 19.
 {¶ 21} The gravamen of this appeal is whether the opinion and wishes of the sole property owner is better evidence of "general good of the territory" than the evidence of a village as to the number of services available for the territory. We concur with the Board and the trial court and find that in determining the "general good of the territory," the wishes of the sole property owner are of greater weight than the wishes of the village testifying for annexation.
 {¶ 22} As in all land use cases, the overriding legal principle is the inalienable right of the property owner. InMiddletown v. McGee (1988), 39 Ohio St.3d 284, 286, citations omitted, the Supreme Court of Ohio noted the choice of the property owner in an annexation dispute is a key consideration:
 {¶ 23} "In enacting the statutes governing annexation, one of the intentions of the legislature was `to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located.'"
 {¶ 24} In Smith v. Granville Township (1998),81 Ohio St.3d 608, 616, the Supreme Court of Ohio accepted this district's opinion that one hundred percent ownership and the wishes of such property owner negate the balancing of services test in a "general good of the territory" analysis.
 {¶ 25} Although appellee in this case changed her mind and rescinded her signature on the petition after filing, we nevertheless find the principles adopted in Smith apply sub judice. The objection to annexation by the one hundred percent owner of the property defeats the value of any services available via annexation therefore, the will of the property owner equates to the "general good of the territory."
 {¶ 26} Upon review, we find the trial court did not abuse its discretion in affirming the Board's decision.
 {¶ 27} The sole assignment of error is denied.
 {¶ 28} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.