**ANDERSON, Appellant and Cross–Appellee,**

**v.**

**CITY OF VANDALIA, Appellee; American Legion Post 668, Appellee and Cross–Appellant.**

[Cite as *Anderson v. Vandalia,* 159 Ohio App.3d 508, 2005-Ohio-118.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 20061 and 20071.

Decided Jan. 14, 2005.

510

Michael W. Sandner, for appellant and cross-appellee.

Trish M. Duff, Law Director, City of Vandalia, for appellee.

Larry A. Smith, for appellee and cross-appellant.

FAIN, Judge.

{¶ 1} The Vandalia City Council granted a conditional-use application regarding real estate owned by the American Legion. Mark Anderson, a resident of Vandalia, filed an administrative appeal from that decision with the Montgomery County Common Pleas Court. Intervening appellee, the American Legion, filed a motion seeking to dismiss the appeal. The trial court denied the motion to dismiss and affirmed the decision of the council. Anderson has filed an appeal from the trial court's decision affirming the council's decision, and the American Legion has filed an appeal from the trial court's denial of its motion to dismiss.

{¶ 2} The Legion contends that the trial court erred in denying its motion to dismiss because Anderson failed to demonstrate that he had standing to appeal from the decision of the council. We conclude that the trial court did not abuse its discretion in denying the motion, because the record supports an inference that Anderson had a sufficient interest in property sufficiently close to the property subject to the conditional-use permit to give Anderson standing to appeal from that decision.

{¶ 3} Anderson contends that the trial court erred in affirming the decision of the council, because the Legion submitted a defective application to the Vandalia Board of Zoning Appeals in support of its request for the conditional use. He also contends that the trial court erred in affirming the council's decision because the council did not conduct an unbiased hearing and because the evidence does not support the council's decision. Finally, Anderson claims that the approval of the conditional use constitutes invalid spot zoning.

{¶ 4} We conclude that Anderson's argument with regard to the defect in the Legion's conditional-use application is well taken. Although the Legion contends that any defect in its original application to the board of zoning appeals was cured when it supplied the missing information to the city council after action by the board of zoning appeals but before the council's action, we disagree. The

likelihood that the defect in the application to the board of zoning appeals adversely affected Anderson cannot be discounted, in view of the ability of the board of zoning appeals to develop greater expertise with respect to zoning matters, its ability to dedicate more time to the consideration of zoning matters, the consequent ability for an interested party to develop a more thorough record in proceedings before the board of zoning appeals, and, finally, the likelihood that the city council, vested with substantial discretion in the matter, may give great deference to the recommendation of the board of zoning appeals. Accordingly, we conclude that the trial court abused its discretion in affirming the decision of the council.

{¶ 5} We further conclude that the issues concerning the public hearing conducted by the council and whether the record supports the council's decision are rendered moot by our disposition of Anderson's first argument.

{¶ 6} Finally, we conclude that Anderson's claim that the conditional-use permit granted by the city council constitutes spot zoning fails because any spot zoning occurred when the property was rezoned from Residential R–4 to Business B–2 as a result of an initiative petition election, not as a result of the city council's subsequent decision to grant a conditional-use permit.

{¶ 7} The judgment of the trial court is reversed, and this matter is remanded to the Vandalia Board of Zoning Appeals for consideration of a proper application.

I

{¶ 8} The American Legion Post # 668 is the owner of approximately five acres of land located at 950 Helke Road in Vandalia. The Legion had operated an American Legion facility on that property for several decades when the property was annexed by the city of Vandalia. The property was zoned R–4, which is single-family residential, and therefore could not be used for fraternal organizations, like the Legion. However, because the Legion was already operating the property as a fraternal organization at the time of the annexation, it was permitted to continue to do so, as a prior nonconforming use.

{¶ 9} In 2000, the Legion sought a use variance in order to expand its current facilities. The request was denied by the city. The Legion then circulated a petition for rezoning, and the matter was ultimately placed on the November ballot. The issue passed, thereby rezoning the property as B–2. A B–2 zone is a highway business district that permits various commercial facilities. Fraternal organizations are permissible as conditional uses in B–2 zones.

{¶ 10} Thereafter, the Legion filed an application for a conditional-use permit, so that it could expand its facilities on the property. The board of zoning appeals

("BZA") held a public hearing on the matter. Mark Anderson, a Vandalia resident, appeared at the hearing to object to the conditional use. The BZA voted to recommend approval of the conditional-use request, with certain conditions. One of the conditions required the Legion to submit a narrative statement regarding the effects of the proposed use upon the surrounding areas.

{¶ 11} The request for a conditional-use permit was forwarded to the city council, which also held a public hearing. Anderson also appeared at this hearing to object to the grant of a conditional use. The council voted to approve the conditional use.

{¶ 12} Anderson filed an appeal with the Montgomery County Court of Common Pleas. The Legion intervened as an appellee and filed a motion seeking to dismiss the appeal, upon the ground that Anderson lacked standing. The parties, including the city of Vandalia as an appellee, also submitted briefs on the merits of the council's decision. The trial court denied the Legion's motion to dismiss and affirmed the council's decision. From this decision, Anderson appeals. The Legion cross-appeals from the denial of its motion to dismiss.

{¶ 13} The Legion has also filed a motion with this court seeking an order striking documents attached to Anderson's reply brief. Specifically, Anderson attached copies of the Vandalia city council minutes for March 6 and June 5 of 2000. The Legion claims that these documents are not part of the record before us.

{¶ 14} We agree. The documents to which the Legion objects are not a part of the record before us. Therefore, the motion to strike is well taken, and it is hereby sustained. The council minutes for March 6 and June 5, 2000, have formed no part of our consideration of this appeal.

## II

{¶ 15} We begin with the Legion's sole assignment of error, which is as follows:

{¶ 16} "The court below committed error by treating intervening appellee's motion to dismiss the appeal for lack of standing as a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted."

{¶ 17} In this assignment of error, the argument made by the Legion does not address the issue of whether the trial court erred by treating its motion to dismiss as a Civ.R. 12(B)(6) motion. The Legion argues simply that the trial court erred by failing to sustain its motion to dismiss. In support, the Legion contends that Anderson failed to demonstrate that he has standing to appeal from the decision of the council, because he failed to show that he owns any property

affected by the Legion expansion and failed to show that his property will be injured.

{¶ 18} According to the Ohio Supreme Court:

{¶ 19} "R.C. Chapter 2506, while providing generally for administrative appeals from administrative determinations by political subdivisions, does not address the question of who has standing to bring such an appeal. Under the common law, it is well settled that the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court. * * * In prior cases involving standing to appeal a board of zoning appeals' determination to the common pleas court, this court has not interpreted R.C. 2506.01 as limiting standing only to the party whose requested variance was denied. Adjacent or contiguous property owners who oppose and participate in the administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C. 2506.01." *Willoughby Hills v. C.C. Bar's Sahara, Inc.* (1992), 64 Ohio St.3d 24, 26, 591 N.E.2d 1203.

{¶ 20} The term "adjacent" is defined as "not distant; nearby" and does not imply contact. Webster's Ninth New Collegiate Dictionary (1983) 56.

{¶ 21} The trial court found that Anderson "does not have the burden of demonstrating evidence to counter the American Legion's arguments. [Anderson] only needs to have alleged facts to demonstrate unique harm." The trial court further found that Anderson had alleged that the permit "will cause an increase in traffic and a diminution of property values" and that he therefore made a sufficient showing of standing.

{¶ 22} When reviewing a trial court's order determining an appeal from an administrative agency based upon the sufficiency of the evidence, "[w]e must affirm the [trial court] unless that court's decision 'is not supported by a preponderance of reliable, probative and substantial evidence.'" *Russell v. Pub. Health, Hous. Appeals Dept.* (2001), 142 Ohio App.3d 430, 432, 756 N.E.2d 118. In making this determination, the reviewing court applies an abuse-of-discretion standard. Id.

{¶ 23} The record demonstrates that Anderson resides at 1012 Forest Crest Place in Vandalia and that 1015 Forest Crest Place abuts the Legion property. Therefore, we conclude that the record supports a reasonable inference that Anderson's property meets the definition of adjacent. While the record does not specify whether Anderson is the owner of his residence, we cannot say that it was unreasonable for the trial court to conclude that Anderson would not have attended the public hearings if he did not have an ownership interest in his residence. Finally, we agree with the trial court that Anderson did raise issues

sufficient to show that he will be prejudiced by an expansion of the Legion facilities.

{¶ 24} We conclude that the trial court did not abuse its discretion in overruling the Legion's motion to dismiss. Accordingly, the Legion's sole assignment of error is overruled.

### III

{¶ 25} Anderson's First Assignment of Error states as follows:

{¶ 26} "The application submitted by the American Legion in support of its conditional use was defective as a matter of law and should not have been considered by the Vandalia City Council."

{¶ 27} Anderson claims that the application for conditional use submitted by the Legion was defective because it did not contain a narrative as required by Section 1288.02 of the Codified Ordinances of the City of Vandalia (hereinafter "the Code"). Therefore, he contends that the BZA and the council should not have approved the application and that the trial court erred by affirming the decision of the council.

{¶ 28} The city of Vandalia argues that the Code "does not provide that the application shall be stricken for a failure to include [a narrative] statement in the application, [and] [t]he failure to include the statement does not divest the Council of its 'jurisdiction' over the application." The city further argues that the BZA is merely an advisory board to the council. It contends that the council "is the only authority to make the decision regarding conditional use applications," and that the council, which makes the "ultimate decisions," had the narrative statement before it prior to holding its public hearing.

{¶ 29} According to Section 1234 of the Codified Ordinances of the City of Vandalia, the BZA "shall have the following powers and duties: * * * [to] review applications for conditional uses as specified in the official schedule of district regulations and under the conditions specified in Chapter 1288."

{¶ 30} Chapter 1288 of the Code controls conditional uses. Applications for conditional uses are governed by Section 1288.02, which provides:

{¶ 31} "At a minimum, the application shall contain the following information:

{¶ 32} " * * *

{¶ 33} "(g) A narrative statement evaluating the effects on adjoining property; the effect of such elements as noise, glare, odor, fumes and vibration on adjoining property; and a discussion of the general compatibility with adjacent and other properties in the district."

{¶ 34} General criteria for approval of a conditional use are set forth in Section 1288.03 of the Code, which states that each criterion "shall" be considered for each application for a conditional-use permit. The Code also provides that pursuant to Section 1288.07 the BZA shall make its recommendation based upon the "application as presented." The decision of the BZA "shall be accompanied by written findings of fact," which "shall be transmitted * * * to the Council for final decision." Additionally, Section 202.02(aa) of the Code indicates that the word " 'shall' is mandatory."

{¶ 35} It is undisputed that the application submitted by the Legion did not contain the required narrative statement. It is further undisputed that the BZA did not have a narrative statement at the time it conducted its public hearing on the property. The BZA specifically approved the application subject to the Legion's "providing an appropriate narrative evaluating the effects on adjoining property." However, the Legion was directed to submit the statement to the "Engineering Department for their review," rather than to the BZA. The narrative statement was submitted to the deputy city engineer two days after the public hearing and was not considered by the BZA. The council did have the benefit of the statement prior to rendering its decision.

{¶ 36} The Code specifies that the BZA shall make recommendations to the council regarding conditional uses. Generally, this type of provision recognizes that the BZA has more familiarity with zoning issues than does the council. The Code also mandates the submission of a narrative statement with the application and mandates that the BZA make recommendations based upon the application as submitted. We have reviewed the record and find nothing to indicate that the BZA had before it any other source of information regarding the matters to be set forth in the narrative statement. Therefore, the BZA made its recommendation based upon an incomplete application, in violation of the requirement that a narrative statement be included in the application. Furthermore, since there are no written findings of fact, we cannot determine from this record whether the BZA considered the criteria listed in Section 1288.03.

{¶ 37} We cannot agree with the city's argument that any flaw in the application as presented to the BZA was inconsequential and that any problem was corrected by the submission of the statement to the council. The mere fact that the council makes the ultimate decision with regard to conditional-use applications cannot be used to support the city's attempt to sidestep the Code requirements regarding applications and hearings before the BZA. The likelihood that the defect in the application to the BZA adversely affected Anderson cannot be discounted, in view of the ability of the BZA to develop greater expertise with respect to zoning matters, its ability to dedicate more time to the consideration of zoning matters, the consequent ability for an interested party to develop a more

thorough record in proceedings before the BZA, and, finally, the likelihood that the council, vested with substantial discretion in the matter, may defer substantially to the recommendation of the BZA.

{¶ 38} To agree with the city's argument would ignore Code requirements, rendering them nullities. Specifically, if the BZA is permitted to make recommendations based upon incomplete applications, and the council is permitted to render final decisions despite the BZA having failed to comply with the Code in reaching its recommendation, then the Code provisions with regard thereto are superfluous. We must presume that the drafters of the Code did not intend to create superfluous provisions. Therefore, we reject this argument.

{¶ 39} We conclude that the application for a conditional-use permit submitted by the Legion to the BZA did not comply with the Code. We further conclude that the BZA did not comply with the Code, because it made recommendations based upon an incomplete application and it did not prepare written findings of fact. Therefore, we conclude that the decision to recommend the grant of the conditional use was contrary to the Code, and the decision of the council to permit the use, which cannot be presumed to have been made independently of, and without regard to, the BZA's recommendation, is therefore invalid. Accordingly, Anderson's first assignment of error is sustained.

## IV

{¶ 40} Anderson's second assignment of error provides:

{¶ 41} "The presence and participation of a present and former American Legion member in the Vandalia City Council's vote on the American Legion's application for a conditional use deprived the residents of the city of Vandalia of the fair and impartial hearing to which they are entitled."

{¶ 42} Anderson contends that the trial court erred by failing to find that the council's vote was biased, given that two of its members had connections to the American Legion. Given our disposition of Anderson's first assignment of error, in Part III, we need not address this issue, as it has been rendered moot. This issue is capable of being raised during any further proceedings before the council and the trial court, at which time an appropriate record can be made on the issue.

{¶ 43} Anderson's second assignment of error is overruled as moot.

## V

{¶ 44} Anderson's third assignment of error states as follows:

{¶ 45} "The trial court erred, as a matter of law, in finding that there was a preponderance of evidence that affirmatively demonstrated that the conditional use sought by the American Legion would not have a negative effect on adjoining properties."

{¶ 46} Anderson contends that the trial court erred in affirming the decision of the council. Again, we need not address this argument, which has been rendered moot by our disposition of Anderson's first assignment of error. Accordingly, Anderson's third assignment of error is overruled as moot.

## VI

{¶ 47} Anderson's fourth assignment of error is as follows:

{¶ 48} "The trial court erred in finding that the action of the Vandalia City Council in approving the American Legion's conditional use application cannot constitute an instance of spot zoning which was invalid as a matter of law."

{¶ 49} Anderson contends that the action of the council in granting the conditional use amounts to "unconstitutional spot zoning," and that the trial court therefore erred by affirming the council.

{¶ 50} " 'Spot zoning' describes an ordinance which is invalid because it singles out a lot or small area for different treatment than similar surrounding land." *Ridgefield Twp. Bd. of Trustees v. Ott* (Jan. 21, 1994), Huron App. No. H–93–16, 1994 WL 17542, citing *Willott v. Beachwood* (1964), 175 Ohio St. 557, 26 O.O.2d 249, 197 N.E.2d 201.

{¶ 51} In this case, the Legion property was rezoned not by action of the council but rather by the citizens of the city pursuant to an initiative petition. The only action taken by the council was to determine whether to grant, pursuant to the applicable zoning regulations, a conditional use to the Legion. As previously noted, the conditional use sought by the Legion is permissible under the property's current zoning designation. Any claim of spot zoning affects the validity of the rezoning of the property from Residential R–4 to Business B–2 as a result of the initiative petition election, not the subsequent decision by the city council to grant a conditional-use permit. We further conclude that an administrative appeal is not the correct vehicle for a challenge to the validity of legislation adopted by an initiative election. We need not now decide what a proper vehicle would have been for Anderson to have used to challenge the rezoning as spot zoning. Perhaps a declaratory judgment could have been brought seeking to establish the invalidity of the rezoning; perhaps Anderson could have brought an action to enjoin the enforcement or application of the rezoning to the property. In any event, he cannot wait until after property has

been rezoned and then challenge an otherwise proper decision to grant a conditional-use permit upon the claimed invalidity of the legislation rezoning the property.

{¶ 52} Anderson's fourth assignment of error is overruled.

## VII

{¶ 53} Anderson's first assignment of error having been sustained, and all other assignments of error, of either party, having been overruled, the judgment of the trial court is reversed, and this matter is remanded to the Vandalia Board of Zoning Appeals for consideration of a proper application for a conditional-use permit.

Judgment reversed
and cause remanded.

WOLFF and GRADY, JJ., concur.