[Cite as *Tuscarawas Twp. Bd. of Trustees v. Stark Cty. Bd. of Commrs.* , 2011-Ohio-5581.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TUSCARAWAS TWP. BD. OF TRUSTEES, | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Appellants, | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 2011CA00043 |
| STARK CTY. BD. OF COMMRS. et al., | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Appellees. | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of Common Pleas, Case No. 2010CV02510

JUDGMENT:        AFFIRMED

DATE OF JUDGMENT ENTRY:        October 11, 2011

APPEARANCES:

For Appellants-Tuscarawas Twp. Bd. of Trustees:

RANDALL M. TRAUB
8040 Cleveland Ave. NW
Suite 400
North Canton, OH 44720

For Appellee-Stark Cnty. Bd. of Commrs.:

DEBORAH DAWSON
110 Central Plaza South, Suite 510
Canton, OH 44702

For Appellee-City of Massillon:

PERICLES G. STERGIOS
Two James Duncan Plaza
Massillon, OH 44646

ROBERT B. HOLMAN
P.O. Box 46390
Cleveland, OH 46390

*Delaney, J.*

{¶ 1} Appellants Tuscarawas Township Board of Trustees appeal the January 31, 2011 judgment entry of the Stark County Court of Common Pleas reversing the decision of the Stark County Board of Commissioner to deny Appellee City of Massillon's annexation petition seeking to annex 61.852 acres of Tuscarawas Township into the City of Massillon. For the reasons that follow, we affirm the trial court's decision.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} WTJ, Inc. is the owner of a large parcel of property in Tuscarawas Township, Stark County, Ohio, that planned to develop the parcel into a residential allotment named "Poets Glen." Stark County approved the preliminary plans for Poets Glen.

{¶ 3} In 2008, WTJ, Inc. pursued annexation of the allotment into the City of Massillon. On February 5, 2008, Jason Haines, agent of the petitioners referenced below, filed a petition with the Stark County Board of Commissioners for the annexation of 61.852 acres of real property located in Tuscarawas Township into the City of Massillon ("2008 Petition"). The proposed annexation territory consisted of seven separate parcels of land owned by five separate entities: WTJ, Inc., William P. Broel, Josephine M. Broel, Bison Storage, Inc., and TJ & MG Properties, LLC. The submitted annexation petition was signed by four of the owners of the area to be annexed: WTJ, Inc., William P. Broel, Josephine M. Broel, and Bison Storage, Inc. TJ & MG Properties, LLC refused to sign the petition.

{¶ 4}  The only area of the annexation territory adjacent to the City of Massillon is approximately 531.02 feet of property owned by TJ & MG Properties, LLC.  The TJ & MG Properties, LLC property abuts a bicycle path owned by the City of Massillon.  If viewing the total length of the bicycle path from a map, the bicycle path in some locations crosses fully within the territory of the City of Massillon.  At other locations, the bicycle path owned by the City of Massillon bisects territory located within Tuscarawas Township.  The portion of the bicycle path at issue in the present case bisects the territory of Tuscarawas Township; however, a small portion of the bike path divides TJ & MG Properties, LLC's land from the City of Massillon.

{¶ 5}  The annexation petition came on for a public hearing before the Stark County Board of Commissioners on April 9, 2008.  Rick Flory, the Stark County Budget and Property Manager, testified at the hearing that the petition contained a defect as to the maintenance of a section of roadway in the proposed annexation territory.  The petition failed to include a roadway and incorrectly identified a street as a road.

{¶ 6}  After taking testimony from representatives of the City of Massillon and Tuscarawas Township, the Stark County Board of Commissioners approved the annexation petition in a 2 to 1 decision.  The resolution was adopted on May 8, 2008.

{¶ 7}  The Tuscarawas Township Board of Trustees filed a notice of administrative appeal in the Stark County Court of Common Pleas.  The trial court issued its decision on July 25, 2008, affirming the decision of the Stark County Board of Commissioners to permit the annexation.

{¶ 8}  Tuscarawas Township filed a notice of appeal of the trial court's decision to this Court.  In its appeal, Tuscarawas Township argued the trial court committed

reversible error in affirming the decision of the Stark County Board of Commissioners granting the annexation. Specific to the present appeal, Tuscarawas Township argued in its appeal of the 2008 Petition: (1) the annexation did not meet the contiguity requirements of R.C. 709.02(A) because the annexation territory created a balloon configuration; (2) the requirements of R.C. 709.02(A) and R.C. 709.033 were not met because the property owner adjacent to the City of Massillon, TJ & MG Properties, LLC, did not sign the petition and objected to the annexation; (3) the annexation was unreasonably large in violation of R.C. 709.033(A)(4); (4) the petitioners failed to meet their burden to show the benefits of annexation outweighed the detriments as required by R.C. 709.033(A)(5); and (5) the petition contained divided streets or highways prohibited by R.C. 709.033(A)(6).

{¶ 9} In *Tuscarawas Twp. Bd. of Trustees v. City of Massillon, et al.*, Stark App. No. 2008CA00188, 2009-Ohio-3267, this Court examined each of Tuscarawas Township's arguments. We overruled Tuscarawas Township's assignments of error and affirmed the trial court's decision, except as to its resolution of Tuscarawas Township's argument under R.C. 709.033(A)(6), divided streets or highways. The City of Massillon passed an ordinance stating it would maintain the streets within the annexation territory, but failed to include Beaumont Avenue and incorrectly identified Wooster Street. Mr. Flory testified at the hearing the agent for the petitioners was aware of the oversight and would correct the error. We held the petition did not comply with R.C. 709.033(A)(6) because the agent for the petitioners could not cure defects in an ordinance passed by the City of Massillon. For that sole reason, we reversed the

decision of the trial court to affirm the decision of the Stark County Board of Commissioners and remanded the matter for further proceedings.

{¶ 10} The petitioners filed a second petition for annexation for the same territory known as Poets Glen ("2010 Petition"). The annexation territory in the 2010 Petition consists of the same 61.852 acres located in Tuscarawas Township as in the 2008 Petition. Tuscarawas Township is 128,896 acres. The City of Massillon is 1,196,992 acres.

{¶ 11} The area to be annexed has five property owners: WTJ, Inc., William P. Broel, Josephine Broel, Bison Storage Inc., and TJ & MG Properties, LLC. WTJ, Inc., William P. Broel, Josephine M. Broel, and Bison Storage, Inc. signed the 2010 Petition. The owners in favor of the annexation own 53.38 acres of the 61.852 acres to be annexed, approximately eighty-seven percent. The property owned by TJ & MG Properties, LLC is adjacent to the City of Massillon, but TJ & MG Properties, LLC refused to sign the 2010 Petition for annexation. TJ & MG Properties, LLC own thirteen percent of the territory proposed to be annexed.

{¶ 12} On June 10, 2010, the Stark County Board of Commissioners held a hearing on the 2010 Petition. Mr. Flory testified that the errors regarding identification of the streets had been corrected in the 2010 Petition.

{¶ 13} David Hayes, an officer with WTJ, Inc. testified at the hearing. WTJ, Inc. owned the majority of the property to be annexed into the City of Massillon. Regardless of the approval or disapproval of the annexation of the territory into the City of Massillon, Hayes testified that WTJ, Inc. was going to develop its property into a residential allotment for single-family homes. The expense of the construction of the water and

sewer lines to the allotment was dependent on the annexation. If the annexation was not approved, WTJ, Inc. would be required to tap into the Stark County water and sewer system. The location of the Stark County water and sewer lines required the lines be extended to existing homes in Tuscarawas Township that currently utilized septic systems. Pursuant to Stark County Board of Health regulations, the Tuscarawas Township homeowners would be required to tap into the Stark County sewer system at the homeowner's expense. If the 2010 Petition was approved, the allotment could connect to the City of Massillon water and sewer lines in a different location and at the City of Massillon's expense, thereby avoiding properties in the Township.

{¶ 14} The area to be annexed currently received police services from the Stark County Sheriff's Department and fire services from a combination of three fire departments. The City of Massillon would provide fire, police, and emergency transport services to the annexation territory if approved. Tuscarawas Township provided snowplowing and street paving, as would the City of Massillon. The City of Massillon would provide trash pickup service.

{¶ 15} The total taxable value of the annexation territory was $184,360. The tax loss to Tuscarawas Township if the property was annexed would be $8,775.10 and the tax gain to the City of Massillon would be $8,532.69. The Mayor of the City of Massillon offered the Tuscarawas Township Trustees one-hundred percent of the real estate taxes forever if the Trustees did not oppose the annexation. The Trustees testified at the hearing they rejected the City's offer.

{¶ 16} Homeowners impacted by the annexation testified at the hearing. The owners of TJ & MG Properties, LLC testified they objected to the annexation into the

City of Massillon because they intentionally purchased property in Tuscarawas Township due to the lack of zoning regulations. Other homeowners were concerned about the increased traffic in the area.

{¶ 17} At the conclusion of the public hearing, the Stark County Board of Commissioners voted 2 to 1 to deny the petition for annexation. The June 10, 2010 resolution stated the petition for annexation was denied under R.C. 709.033(A)(5) because the general good of the territory would not be served by the annexation.

{¶ 18} The City of Massillon filed an administrative appeal of the Stark County Board of Commissioners' decision. On January 31, 2011, the trial court issued a comprehensive judgment entry, reversing the decision of the Stark County Board of Commissioners to deny the 2010 Petition. The trial court further found that the Board's decision did not meet the requirements of R.C. 709.033(B) in that the resolution denying the 2010 Petition did not contain specific findings of fact as to whether the requirements of R.C. 709.033(A)(1) to (6) had been met. The Board was instructed by the trial court to adopt a resolution consistent with the findings of the trial court.

{¶ 19} It is from this decision Tuscarawas Township appeals.

{¶ 20} Tuscarawas Township raises one Assignment of Error:

{¶ 21} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY REVERSING THE DECISION OF THE STARK COUNTY BOARD OF COMMISSIONERS WHICH DENIED THE ANNEXATION PETITION AT ISSUE."

{¶ 22} **(A) STANDARD OF REVIEW**

{¶ 23} In an appeal of an annexation decision, the common pleas court must consider the whole record including any new or additional evidence admitted pursuant

to R.C. 2506.03 and determine whether the decision of the county board of commissioners is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable and probative evidence. *Henley v. City of Youngstown Bd. Of Zoning Appeals,* 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433.

{¶ 24} In an appeal from the judgment of the common pleas court on a petition for annexation, this Court has a more limited scope of review. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. The standard of review for an appellate court is limited to questions of law and does not include the same extensive power to weigh and consider evidence as is granted to the common pleas court. Id. Under this standard of review, the judgment of the common pleas court must be affirmed unless, as a matter of law, its decision is not supported by a preponderance of the substantial, reliable, and probative evidence. *In re American Outdoor advertising, LLC,* Union App. No. 14-02-27, 2003-Ohio-1820, at ¶ 5, citing *Kisil,* supra. This standard of review is tantamount to an abuse of discretion standard; therefore, an appellate court should reverse the trial court's judgment in such a case only upon a finding that the decision is unreasonable, arbitrary, or unconscionable. *Tuscarawas Twp. Bd. of Trustees v. City of Massillon*, Stark App. No. 2008CA00188, 2009-Ohio-3267, ¶ 19-20 citing *In re American Outdoor Advertising,* supra at ¶ 5; see, also, *Kisil,* supra 12 Ohio St.3d at fn. 4; *In re: Petition to Annex 100.642 Acres of Violet Township into Village of Canal Winchester,* Fairfield App. No. 03CA073, 2004-Ohio-7092, at ¶ 11; *Marsillo v. Stow City Council,* Summit App. No. 22229, 2005-Ohio-473, at ¶ 11; *Anderson v. City of Vandalia,* 159 Ohio App.3d 508, 2005-Ohio-118, 824 N.E.2d 568 at ¶ 22.

{¶ 25} Before a board of commissioners may grant a petition for annexation, they must consider the petition in light of the factors set forth in R.C. 709.033(A):

{¶ 26} "After the hearing on a petition for annexation, the board of county commissioners shall enter upon its journal a resolution granting the annexation if it finds, based upon a preponderance of the substantial, reliable, and probative evidence on the whole record, that each of the following conditions have been met:

{¶ 27} "(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.02 of the Revised Code.

{¶ 28} "(2) The persons who signed the petition are owners of real estate located in the territory proposed to be annexed in the petition, and, as of the time the petition was filed with the board of county commissioners, the number of valid signatures on the petition constituted a majority of the owners of real estate in that territory.

{¶ 29} "(3) The municipal corporation to which the territory is proposed to be annexed has complied with division (D) of section 709.03 of the Revised Code.

{¶ 30} "(4) The territory proposed to be annexed is not unreasonably large.

{¶ 31} "(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted.  As used in division (A)(5) of this section, 'surrounding area' means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed.

**{¶ 32}** "(6) No street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway. For the purposes of this division, 'street' 'highway' as the same meaning as in section 4511.01 of the Revised Code."

**{¶ 33}** The Tuscarawas Township Trustees argue in their sole Assignment of Error the trial court erred in reversing the decision of the Stark County Board of Commissioners to deny the 2010 Petition. We disagree. Our decision is based in part on the analysis of the relevant law for a Type 1 annexation found in R.C. 709.02 and 709.033(A)-(E), and the law of the case doctrine supported by our findings on the 2008 Petition in *Tuscarawas Twp. Bd. of Trustees v. City of Massillon*, supra.

**{¶ 34} (B) THE STATUTORY THRESHOLD UNDER R.C. 709.02**

**{¶ 35}** Tuscarawas Township first argues the 2010 Petition failed to meet the statutory threshold requirements under R.C. 709.02(A) and R.C. 709.033(A)(1). R.C. 709.02(A) states:

**{¶ 36}** "(A) The owners of real estate contiguous to a municipal corporation may petition for annexation to a municipal corporation in the manner provided by sections 709.02 to 709.11 of the Revised Code."

**{¶ 37}** R.C. 709.033(A)(1) states:

**{¶ 38}** "(A) After the hearing on a petition for annexation, the board of county commissioners shall enter upon its journal a resolution granting the annexation if it

finds, based upon a preponderance of the substantial, reliable, and probative evidence on the whole record, that each of the following conditions has been met:

{¶ 39} "(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.02 of the Revised Code."

{¶ 40} The property owned by TJ & MG Properties, LLC is the only property in the annexation territory contiguous to the City of Massillon. The owners of TJ & MG Properties, LLC did not sign the 2008 or 2010 Petitions because they object to the annexation into the City of Massillon. Tuscarawas Township therefore argues the 2010 Petition fails to meet the requirement in R.C. 709.02(A) because no owner of real estate contiguous to the City of Massillon petitioned for annexation.

{¶ 41} Tuscarawas Township raised the identical argument in its appeal of the 2008 Petition. In *Tuscarawas Twp. Bd. of Trustees v. City of Massillon*, supra, Tuscarawas Township argued the property owner adjacent to the City of Massillon objected to the annexation and therefore the annexation petition did not comply with R.C. 709.02(A). Id. at ¶ 45. We rejected Tuscarawas Township's argument, finding there was no legal requirement that the owners of the property adjacent to a municipality sign a petition for annexation in order for the annexation petition to be approved. Id.

{¶ 42} There is no dispute the 2008 and 2010 Petitions are identical in that the same petitioners signed the petition and the petitions request the same annexation territory. We find that the law of the case doctrine is applicable to this scenario and therefore resolves Tuscarawas Township's argument under R.C. 709.02(A) based upon our previous ruling. In *Hopkins v. Dyer,* 104 Ohio St.3d 461, 2004-Ohio-6769, 820

N.E.2d 329, the Ohio Supreme Court discussed the law-of-the-case doctrine and stated as follows: "The law of the case is a longstanding doctrine in Ohio jurisprudence. '[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' *Nolan v. Nolan,* 11 Ohio St.3d at 3, 11 OBR 1, 462 N.E.2d 410. The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 391 N.E.2d 343. It is considered a rule of practice, not a binding rule of substantive law. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404, 659 N.E.2d 781." *Hopkins* at ¶ 15.

**{¶ 43}** Irrespective of the application of the law of the case doctrine to Tuscarawas Township's argument, an examination of R.C. 709.02 weakens the Township's contention that the property owner adjacent to the municipal corporation must sign the annexation petition in order for the annexation to be statutorily appropriate.

**{¶ 44}** In *Higley v. Clark* (Mar. 24, 1980), Montgomery App. No. 6540, the Second District Court of Appeals held there was no legal requirement that the owner of adjacent property sign the annexation petition. The Eighth District Court of Appeals examined the relevant statute more thoroughly in *In re Annexation of Riveredge Twp. to Fairview Park* (1988), 46 Ohio App.3d 29, 545 N.E.2d 1287. In that case, the assigned error to the court was that none of the petitioners owned land adjacent to the municipal corporation as required by R.C. 709.02. The court found that an application for

annexation was valid under R.C. 709.02 regardless of whether any of its signers owned property bordering the municipality to which annexation is proposed.  Id. at 34.

{¶ 45} The version of R.C. 709.02 in effect in 1988 stated, "[t]he owners of real estate adjacent to a municipal corporation may, at their option, cause such territory to be annexed thereto * * *."  The court conceded that on its face, the plain language of R.C. 709.02 seemed "to allow only those landowners whose property borders the annexing city to sign a petition for annexation."  Id. at 33.  The court went on to consider the remainder of the statute to discern the intent of the legislature.  The second sentence of R.C. 709.02 stated, "[a]pplication for such annexation shall be by petition, addressed to the board of county commissioners of the county in which the territory is located, and signed by a majority of the owners of real estate in such territory."  The Eighth District found that the second sentence made "clear that the petition need contain only the signatures of a majority of the owners of the real estate within the territory to be annexed."  Id.

{¶ 46} The version of R.C. 709.02 in effect at the time of the present appeal is similar to that analyzed by the Eighth District.  The current statute states in relevant part:

{¶ 47} "(A) The owners of real estate contiguous to a municipal corporation may petition for annexation to a municipal corporation in the manner provided by sections 709.02 to 709.11 of the Revised Code.

{¶ 48} "* * *

{¶ 49} "(C) The petition required by this section shall contain the following:

{¶ 50} "(1) The signatures of a majority of the owners of real estate in the territory proposed for annexation.  * * *

{¶ 51} "(2) An accurate legal description of the perimeter and an accurate map or plat of the territory proposed for annexation;

{¶ 52} "(3) The name of a person or persons to act as agent for the petitioners. The agent for the petitioners may be an official, employee, or agent of the municipal corporation to which annexation is proposed.

{¶ 53} "* * *"

{¶ 54} The Eighth District also found that R.C. 709.033 supported its holding that a petition for annexation was valid even if the adjacent property owner did not sign the petition.  At the time of that case, R.C. 709.033 stated:

{¶ 55} "After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:

{¶ 56} "(A) The petition contains all matter required in section 709.02 of the Revised Code.

{¶ 57} "(B) Notice has been published as required by section 709.031 of the Revised Code.

{¶ 58} *"(C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be*

*annexed.* [Emphasis added in *In re Annexation of Riveredge Twp. to Fairview Park*, supra].

{¶ 59} "(D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 of the Revised Code.

{¶ 60} "(E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted."

{¶ 61} The court stated:

{¶ 62} "Pursuant to the above statute, if the board makes all the required findings, it must enter an order allowing the annexation.  If the legislature had intended that an annexation petition contain the signature of a freeholder whose property bordered the annexing municipality, then this requirement would have been listed as a necessary finding under the above code section.  However, R.C. 709.033 requires no such finding by the board.  Consequently, this statute illustrates that it was not the intent of the legislature to require that an annexation petition contain the signature of a freeholder whose property borders the city to which annexation is proposed."  Id. at 34.

{¶ 63} Comparing the present R.C. 709.033 to the version analyzed by the Eighth District, we find the current version statute supports the same conclusion.  The statute lists the six factors necessary for a board of county commissioners to approve an annexation petition:

{¶ 64} "(A) After the hearing on a petition for annexation, the board of county commissioners shall enter upon its journal a resolution granting the annexation if it

finds, based upon a preponderance of the substantial, reliable, and probative evidence on the whole record, that each of the following conditions has been met:

{¶ 65} "(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.02 of the Revised Code.

{¶ 66} *"(2) The persons who signed the petition are owners of real estate located in the territory proposed to be annexed in the petition, and, as of the time the petition was filed with the board of county commissioners, the number of valid signatures on the petition constituted a majority of the owners of real estate in that territory.*

{¶ 67} "(3) The municipal corporation to which the territory is proposed to be annexed has complied with division (D) of section 709.03 of the Revised Code.

{¶ 68} "(4) The territory proposed to be annexed is not unreasonably large.

{¶ 69} "(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted. As used in division (A)(5) of this section, 'surrounding area' means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed.

{¶ 70} "(6) No street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway. For the purposes of this division, 'street' or

'highway' has the same meaning as in section 4511.01 of the Revised Code."
(Emphasis added).

{¶ 71} As the Eighth District found in *In re Annexation of Riveredge Twp. to Fairview Park*, supra, we likewise determine that in order for a board of county commissioners to grant an annexation petition, the petitioners must meet the requirements of R.C. 709.02 and R.C. 709.033. However, the requirements of R.C. 709.02 and R.C. 709.033 do not include that the owner whose property is contiguous to the annexing municipality must sign the petition. The requirement is that a majority of the owners of the real estate in the annexation territory sign the petition. See also *Bd. of Twp. Trustees, Lafayette Twp. v. Horn* (1981), 2 Ohio App.3d 170, 441 N.E.2d 628. In the present case, the majority of the owners in the annexation territory signed the petition. Accordingly, we find no error in the trial court's interpretation of R.C. 709.02 and 709.033 and whether the petitioners met the statutory threshold to file their petition for annexation.

{¶ 72} (C) CONTIGUOUS

{¶ 73} Tuscarawas Township next argues that the annexation territory fails to meet the requirement under R.C. 709.02 and 709.033(A) that the annexation property is contiguous or adjacent to the City of Massillon. The Township states the proposed annexation territory creates an impermissible "balloon configuration."

{¶ 74} The proposed annexation territory in the 2010 Petition is identical to the annexation territory in the 2008 Petition. In *Tuscarawas Twp. Bd. of Trustees v. City of Massillon*, supra, Tuscarawas Township argued the annexation created a balloon configuration, which did not comply with the requirement that an annexed territory must

be adjacent, contiguous, and adjoining.  Id. at ¶ 41.  We disagreed and held the annexation territory did not create an impermissible balloon configuration:

{¶ 75} "R.C. 709.02(A) states, 'The owners of real estate contiguous to a municipal corporation may petition for annexation to a municipal corporation in the manner provided by sections 709.02 to 709.11 of the Revised Code.'  An annexation may be found to be unreasonable or unlawful if it is not adjacent to, or contiguous with the annexing municipality.  'While it is generally agreed that some touching of the municipality and territory to be annexed is required, the law is unsettled as to what degree of touching is needed to fulfill the contiguity requirement.'  *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 287, 530 N.E.2d 902, 905, citing, Annotation, What Land is Contiguous or Adjacent to Municipality as to be Subject to Annexation (1973), 49 A.L.R.3d 589, 598, Section 3(a).  Although peninsulas are generally discouraged, their existence alone will not impede an annexation unless the decision to create the peninsula was unreasonable, illogical, or arbitrary.  *In re appeal of Jefferson Township Bd. Of Trustees* (1992), 78 Ohio App.3d 493, 605 N.E.2d 435.

{¶ 76} "Upon a review of the record, we find the trial court did not err in finding the annexation territory met the requirements of R.C. 709.02.  The exhibits demonstrate the annexation territory is adjacent to the City of Massillon through a bicycle path that is owned by the City of Massillon.  A majority of the bicycle path that is adjacent to the parcel bisects the territory of Tuscarawas Township, but a portion of bicycle path that is adjacent to the parcel crosses fully within the City of Massillon.  We find that this configuration does not create a balloon configuration."  Id. at ¶ 42-44.

{¶ 77} Based on our previous ruling in *Tuscarawas Twp. Bd. of Trustees v. City of Massillon*, supra and that the annexation territory in the 2010 Petition is identical to the territory in the 2008 Petition, we find the annexation territory meets the requirement that the real estate is contiguous to the municipal corporation.

**{¶ 78} (D) UNREASONABLY LARGE**

{¶ 79} Another factor to be considered by the board of county commissioners is whether the territory proposed to be annexed is unreasonably large. R.C. 709.033(A)(4). The Second District Court of Appeals in *Kunkel v. Bd. of Commrs. Of Champaign Cnty.*, 177 Ohio App.3d 718, 2008-Ohio-4017, 895 N.E.2d 905, analyzed whether a proposed annexation was unreasonably large under the statute:

{¶ 80} "'The issue of what constitutes an "unreasonably large" area of territory which is to be annexed is not numerically or geographically defined in the statute.' " *In re Petition for the Annexation of 315.118 Acres, More or Less in the Twp. of Xenia* (March 20, 1998), Greene App. No. 97 CA 76, 1998 WL 127512, *6, quoting *In re Annexation of Territory in Olmsted Twp.* (1984), 14 Ohio App.3d 260, 263, 14 OBR 289, 470 N.E.2d 912. Whether an area is 'unreasonably large' is a question of fact to be resolved by the tests of proportionality, capacity to successfully serve, and injury to the area from which the land is annexed * * *." *Allen v. Miami Cty. Bd. of Commrs.* (June 25, 1992), Miami App. No. 91CA38, 1992 WL 141924, *4." Id. at 28.

{¶ 81} Ohio courts have adopted a three-prong test to determine whether a territory is unreasonably large:

{¶ 82} "(1) The geographic character, shape and size (acreage) of the territory to be annexed in relation to the territory to which it will be annexed (the city), and in

relation to the territory remaining after the annexation is completed (the remaining Township area); * * *

{¶ 83} "(2) The ability of the annexing city to provide the necessary municipal services to the added territory. (Geographic as well as financial 'largeness' may be considered. * * *); and

{¶ 84} "(3) [T]he effect on remaining township territory if annexation is permitted. If the territory sought to be annexed is so great a portion of the township's tax base that the annexation would render the remaining township incapable of supporting itself, then the Board might reasonably conclude the proposed annexation is unreasonably large, although such annexation would benefit the territory sought to be annexed." *Tuscarawas Twp. Bd. of Trustees v. City of Massillon*, supra quoting *Herrick v. Bd. of Cty. Commrs.* (Jan. 23, 1980), Summit App. No. 9425.

{¶ 85} In *Tuscarawas Twp. Bd. of Trustees v. City of Massillon*, supra, we utilized the three-prong test and determined trial court did not err in finding the annexation territory in the 2008 Petition was not unreasonably large. We find the same analysis to be applicable to the present case.

{¶ 86} First, the geographic character, shape, and size of Poets Glen are the same as those examined and approved on appeal of the 2008 Petition. Second, at the 2010 hearing before the Stark County Board of Commissioners, service providers from the City of Massillon, such as the Fire Department and Police department, testified they would be capable of providing the necessary municipal services to the annexation territory. Third, the financial effect on Tuscarawas Township if the property is annexed into the City of Massillon appears from the record to be minimal. The territory of Poets

Glen is less than one-percent of Tuscarawas Township. The total taxable value of the real estate is $184,360. (T. 15). The tax loss to Tuscarawas Township if the property was annexed would be $8,775.10 and the tax gain to the City of Massillon would be $8,532.69. (T. 15). The City of Massillon offered to the Tuscarawas Township Trustees one-hundred percent of the applicable real estate taxes if Tuscarawas Township did not oppose the annexation. (T. 136-137). The Township Trustees rejected the offer.

{¶ 87} The trial court determined these factors weighed in favor of annexation. We find the trial court's consideration of the facts as to the determination of whether the annexation territory was unreasonably large to be supported by a preponderance of the evidence in the record.

{¶ 88} **(E) GENERAL GOOD**

{¶ 89} The Stark County Board of Commissioners denied the 2010 Petition solely on the basis of R.C. 709.033(A)(5). R.C. 709.033(A)(5) states:

{¶ 90} "(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted. As used in division (A)(5) of this section, 'surrounding area' means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed."

{¶ 91} The statute grants the board of county commissioners the discretion to determine under the facts presented whether the general good of the territory to be annexed will be served if the annexation petition is granted. *Kunkel*, supra at ¶ 47 citing

*Jeter v. Montgomery Cnty. Bd. of Commrs.*, Montgomery App. No. 19746, 2003-Ohio-3832, ¶ 10. In order to make such a determination, the board must consider both the benefits and the detriments of annexation upon the proposed annexation territory. Id. The existence of some benefit must be supported by facts not simply by speculation, beliefs, or desires. See *In re Witschey v. Medina Cty. Bd. Of Commrs.,* supra; *Copley Township Bd. Of Trustees v. Lorenzetti,* 146 Ohio App.3d 450, 2001-Ohio-1662, 766 N.E.2d 1022; *Libis v. Akron Bd. Of Zoning Appeals* (1972) 33 Ohio App.2d 94, 292 N.E.2d 642.

{¶ 92} In enacting statutes governing annexation, one of the intentions of the legislature was "to give an owner of property freedom of choice as to the governmental subdivisions in which he desires his property to be located." *Toledo Trust Co. v. Bd. Of Commrs.* (1977), 62 Ohio App.2d 121, 124, 404 N.E.2d 764, 766 citing, *In re Lariccia* (1973), 40 Ohio App.2d 250, 318 N.E.2d 871. However, the desires of the majority of owners alone, is not enough to satisfy the general good requirement. *In re Witschey v. Medina Cty. Bd. Of Commrs.,* 169 Ohio App.3d 214, 2006-Ohio-5135, 862 N.E.2d 535. The general good requirement includes both the desires of the property owner and the receipt of some benefit to annexed property and the surrounding area. *Carlisle Twp. Bd. Of Trustees v. Elyria,* Lorain App. No. 07CA009142, 2008-Ohio-1125; *In re Witschey v. Medina Cty. Bd. Of Commrs.,* supra; see also, 709.033(A)(5).

{¶ 93} The trial court first examined the desires of the property owners in the annexation territory. In this case, the majority of the property owners approved the annexation. TJ & MG Properties, LLC opposed the annexation. "[I]t has been held that a person owning land in territory sought to be annexed to a municipality is, without

more, adversely affected if that person does not desire to have his land annexed to the municipality." *Hottle v. Barney* (Nov. 22, 1995), Montgomery App. No. 15126, citing *Middletown v. McGee* (1988), 39 Ohio St.3d 284.

{¶ 94} The trial court went on to examine the services provided for the annexed territory. The record shows that the proposed annexation territory will not lose any services through annexation, but will gain additional services of water and sewer provided by the City of Massillon. Mr. Hayes testified that the proposed residential allotment will be constructed regardless of the annexation. The residential allotment will receive water and sewer services from either Stark County or the City of Massillon, based on the failure or success of the annexation petition. If Stark County provides the services, the location of the lines will force current residents outside the annexation territory to tap in to the Stark County sewer system at the homeowner's expense. If the City of Massillon provides the sewer service, the City of Massillon will fund the system and tap in fees will not be assessed.

{¶ 95} Tuscarawas Township points to the confusion of services within the annexation territory and surrounding territory due to the division of streets and configuration of the annexation territory. The Township argues this was considered by the Stark County Board of Commissioners as a detriment. The City of Massillon provided its service ordinance adopted for the annexed territory to demonstrate it will maintain the streets and highways subject to the annexation.

{¶ 96} The trial court considered the evidence as required under R.C. 2506 and found the decision of the Stark County Board of Commissioners that the annexation would not serve the general good of the territory was unsupported by the

preponderance of the substantial, reliable and probative evidence. The trial court summarized that the majority of the owners within the territory supported annexation and the area would receive additional beneficial services. As stated above in our recitation of the standard of review, when this Court reviews an appeal of an annexation petition, we do not engage in the weighing of the evidence or make factual determinations. We cannot find error in the trial court's decision to reverse resolution of the Stark County Board of Commissioners to deny the 2010 Petition for annexation.

**{¶ 97} (F) DIVIDED STREETS AND HIGHWAYS**

**{¶ 98}** Under R.C. 709.033(A)(6), the county commissioners must determine before approving an annexation that, "[n]o street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway. For the purposes of this division, 'street' or 'highway' has the same meaning as in section 4511.01 of the Revised Code." Tuscarawas Township states that the annexation would result in numerous divisions or segmentations of streets in the annexation territory.

**{¶ 99}** At the hearing, the City of Massillon presented Ordinance 45-2010 stating it would maintain the roadways segmented by the annexation. The trial court determined the Ordinance satisfied R.C. 709.033(A)(6). Upon our standard of review, we find the trial court's decision was supported by the preponderance of the substantial, reliable, and probative evidence on this issue.

**{¶ 100}** Accordingly, we find the trial court's decision to reverse the resolution of the Stark County Board of Commissioners to deny the 2010 Petition was supported by the preponderance of the evidence. The sole Assignment of Error of the Tuscarawas Township Trustees is overruled.

**{¶ 101}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and Edwards, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. JULIE A. EDWARDS

[Cite as *Tuscarawas Twp. Bd. of Trustees v. Stark Cty. Bd. of Commrs.* , 2011-Ohio-5581.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TUSCARAWAS TWP. BD. OF TRUSTEES, | : | |
| | : | |
| | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| STARK CTY. BD. OF COMMRS. et al., | : | |
| | : | |
| | : | |
| | : | Case No. 2011CA00043 |
| Appellees. | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellants.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JULIE A. EDWARDS