[Cite as *Highland Farm Ltd. v. Jackson Twp. Bd. of Zoning Appeals*, 2016-Ohio-4624.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HIGHFIELD FARM, LTD., ET AL. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2015CA00135 |
| JACKSON TOWNSHIP BOARD OF<br>ZONING APPEALS, ET AL. | |
| | O P I N I O N |
| Defendants-Appellees | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Common Pleas Court, Case No. 2014CV00986 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 20, 2016 |
| APPEARANCES: | |

For Plaintiffs-Appellants -
Kenneth Manda

JOHN J. RAMBACHER
MICHAEL J. KAHLENBERG
825 S. Main St.
North Canton, Ohio 44720

For Defendant-Appellee –
Verizon Wireless

CHRISTOPHER M. ERNST
JENNIFER A. FLINT
Bricker & Eckler LLP
1001 Lakeside Ave. E., Suite 1350
Cleveland, Ohio 44114

For Defendant-Appellee –
Jackson Township Bd. Zoning Appeals

JAMES F. MATHEWS
DANIEL D. EISENBREI
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

*Hoffman, J.*

{¶1} Plaintiff-appellant Kenneth B. Manda appeals the June 22, 2015 Order entered by the Stark County Court of Common Pleas affirming the March 27, 2014 decision of the Jackson Township Board of Zoning Appeals which granted an application for a Conditional Use Permit relating to real property owned by Appellee Brendel Corporation.

STATEMENT OF THE FACTS AND CASE

{¶2} On February 4, 2014, Appellee Faulk & Foster Real Estate, Inc. ("Faulk") submitted Application No. 2268 as agent of Verizon Wireless for a Conditional Use Permit ("CUP") relating to real property located at 8215 Arlington Avenue, Northwest, North Canton, Ohio. The application was signed "Faulk & Foster, by Ralph Wyngarden." The application listed the "Property/Tower Owner" as Verizon Wireless, 7575 Commerce Court, Lewis Center, OH 43045. The agent for the application was listed as "Faulk & Foster, by Ralph Wyngarden, 588 Three Mile Rd. N.W., Suite 102, Grand Rapids, MI 49544." The application listed the "Affected Premises" as the address of the property.

{¶3} Application No. 2268 sought the issuance of a CUP for: "A 190' monopole with 9' lightning rod. Verizon's antenna will be attached at a centerline of 190'. Verizon will also place an 11'6" x 25'5.5" equipment/generator shelter within a fenced compound area (see drawings). Relief is requested from the accessory building size requirement of Sec. 304.6(E)."

{¶4} The property is owned by Brendel Corporation. The CUP application did not list the name, address, and phone number of Brendel Corporation as the property owner.

Nor did the application include written approval of Brendel Corporation as the actual property owner.

{¶5} Following submission of the application, the Jackson Township Board of Zoning Appeals ("Board") published notice of a hearing to occur in the Canton Repository on February 13, 2014. The Notice stated,

> 5:45 PM Appeal #2268- Faulk&Foster, 588 Three Mile Rd. NW Ste 102, Grand Rapids, MI 49544 agent for Brendel Corporation, property owner, PO Box 517, Canal Fulton, OH 44614 requests a conditional use permit for a wireless telecommunications tower with a 293 sq. ft. accessory building where a 50 sq. ft. accessory building is permitted per Art. III Sec. 304 of the zoning resolution. Property located at 8215 Arlington NW Sect. 5SE Jackson Twp. Zoned R-R.

{¶6} The Notice indicated the public hearing would occur on February 27, 2014.

{¶7} Thereafter, on March 13, 2014, the following notice appeared in the Canton Repository, "5:30 PM Appeal #2268- Continued from Feb. 27th"

{¶8} The revised notice did not list the name of the property owner, the applicant, the address of the property or the zoning relief sought. The notice occurred subsequent to the time the first hearing was to occur.

{¶9} On March 27, 2014, the Board conducted a public hearing on the application.

{¶10} Appellant attended the hearing, and voiced his objections on the record. At the conclusion of the hearing, the Board voted in favor of granting the CUP for the

proposed location of Verizon's tower, but declined the application for a variance as to the size of the proposed accessory building.

{¶11} The Board granted the CUP on March 27, 2014. Appellant filed an appeal to the Stark County Court of Common Pleas on April 25, 2014. Appellant also filed a motion to stay the Board's decision. The trial court granted the motion to stay.

{¶12} On May 29, 2014, Verizon removed the appeal to the United States District Court, Northern District of Ohio, Eastern Division. On September 4, 2013, the District Court remanded the matter to the Stark County Court of Common Pleas finding the District Court lacked subject matter jurisdiction over the administrative appeal.

{¶13} On October 27, 2014, Appellant moved for a trial de novo. The trial court denied the motion on December 2, 2014.

{¶14} Via Order of June 22, 2015, the trial court affirmed the Board's March 27, 2014 Decision.

{¶15} Appellant appeals, assigning as error,

{¶16} "I. THE TRIAL COURT ERRED IN FINDING THAT THE JACKSON TOWNSHIP BOARD OF ZONING APPEALS HAD SUBJECT MATTER JURISDICTION TO CONSIDER THE APPLICATION.

{¶17} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN CONCLUDING THAT CORPORATION'S "ATTENDANCE" AT THE HEARING CURED THE DEFECTS IN THE APPLICATION AND NOTICE, WHEN THERE IS NO RECORD EVIDENCE TO SUPPORT THE CONCLUSION."

I. and II.

**{¶18}** Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

**{¶19}** Pursuant to R.C. 2506.04, in an administrative appeal, the common pleas court considers the whole record, including any new or additional evidence, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption the board's determination is valid, and the appealing party bears the burden of showing otherwise. *Hollinger v. Pike Township Board of Zoning Appeals,* Stark App. No. 09CA00275, 2010 Ohio 5097.

**{¶20}** As an appellate court, our standard of review to be applied in an R.C. 2506.04 appeal is "limited in scope." *Kisil v. Sandusky,* 12 Ohio St.3d 30, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh the preponderance of the substantial, reliable, and probative evidence, as is granted to the common pleas court." *Id.* Ultimately, the standard of review for appellate courts in a R.C. 2506 appeal is "whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative, and substantial evidence." See *Weber v. Troy Twp. Board of Zoning Appeals,* 5th Dist. Delaware No. 07 CAH 04 0017, 2008-Ohio-1163, 2008 WL 697384.

**{¶21}** "The standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance" and "permits reversal only when the common pleas

court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic Foundation v. Cleveland Board of Zoning Appeals,* 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161.

**{¶22}** Pursuant to R.C. 519.14, the Jackson Township Board of Zoning Appeals, may,

(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done;

(C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution. If the board considers conditional zoning certificates for activities that are permitted and regulated under Chapter 1514. of the Revised Code or activities that are related to making finished aggregate products, the board shall proceed in accordance with section 519.141 of the Revised Code.

**{¶23}** Further, R.C. 519.211,

(2) Sections 519.02 to 519.25 of the Revised Code confer power on a board of township trustees or board of zoning appeals with respect to the location, erection, construction, reconstruction, change, alteration, removal, or enlargement of a telecommunications tower, but not with respect to the

maintenance or use of such a tower or any change or alteration that would not substantially increase the tower's height. However, the power so conferred shall apply to a particular telecommunications tower only upon the provision of a notice, in accordance with division (B)(4)(a) of this section, to the person proposing to construct the tower.

**{¶24}** The trial court herein found the record was fully developed as to the property owner, who was present and identified, to the nature of the structure to be built, and all other applicable criteria under the Zoning Resolution. The trial court further found any defects in the application did not divest the Board of Zoning of authority to proceed, citing *State ex rel Ayers v. Burton Twp. Bd. Of Zoning Appeals,* 2001 Ohio 8800.

**{¶25}** All proceedings of the Board are governed by the provisions of the Zoning Resolution of Jackson Township, Stark County, Ohio ("Resolution"). Section 802.2 states,

An application for a Conditional Use Permit for any land, structure, or use permitted as a conditional use under this Resolution shall be submitted in accordance with the following procedures:

A. Application Submitted to the Zoning Inspector. Any application for a Conditional Use Permit shall be made to the Zoning Inspector and submitted to the Board of Zoning Appeals on a special form for that purpose, available from the Zoning Inspector. Each application shall be accompanied by the payment of a fee in the amount established by the Township Trustees.

B. Data Required with Application.

1. A completed application form.

2. The name, address, and phone number of applicant and property owner, and the owner's written approval, if property ownership is other than the applicant.

*\*\**

C. Only Complete Application Accepted. The Zoning Inspector shall accept an application for review by the Board of Zoning Appeals only if it is complete.

**{¶26}** It is undisputed the application herein submitted by Faulk and Foster/Verizon Wireless by Ralph Wyngarden was defective and not in compliance with the mandates of the Resolution. The application did not list Brendel Corporation as the property owner or contain written approval of Brendel Corporation as the property owner. Verizon is not the owner of the property as stated in the application.

**{¶27}** As a result, Appellant maintains the Board lacked jurisdiction to consider the application as submitted for the CUP; therefore, the action of the Board was void ab initio. Appellant cites the Second District Court of Appeals decision in *Anderson v. City of Vandalia*, 159 Ohio App.3d 508, 2005-Ohio-118, which held,

It is undisputed that the application submitted by the Legion did not contain the required narrative statement. It is further undisputed that the BZA did not have a narrative statement at the time it conducted its public hearing on the property. The BZA specifically approved the application subject to the Legion's "providing an appropriate narrative evaluating the effects on adjoining property." However, the Legion was directed to submit the statement to the "Engineering Department for their review," rather than

to the BZA. The narrative statement was submitted to the deputy city engineer two days after the public hearing and was not considered by the BZA. The council did have the benefit of the statement prior to rendering its decision.

The Code specifies that the BZA shall make recommendations to the council regarding conditional uses. Generally, this type of provision recognizes that the BZA has more familiarity with zoning issues than does the council. The Code also mandates the submission of a narrative statement with the application and mandates that the BZA make recommendations based upon the application as submitted. We have reviewed the record and find nothing to indicate that the BZA had before it any other source of information regarding the matters to be set forth in the narrative statement. Therefore, the BZA made its recommendation based upon an incomplete application, in violation of the requirement that a narrative statement be included in the application. Furthermore, since there are no written findings of fact, we cannot determine from this record whether the BZA considered the criteria listed in Section 1288.03.

We cannot agree with the city's argument that any flaw in the application as presented to the BZA was inconsequential and that any problem was corrected by the submission of the statement to the council. The mere fact that the council makes the ultimate decision with regard to conditional-use applications cannot be used to support the city's attempt to sidestep the Code requirements regarding applications and hearings before

the BZA. The likelihood that the defect in the application to the BZA adversely affected Anderson cannot be discounted, in view of the ability of the BZA to develop greater expertise with respect to zoning matters, its ability to dedicate more time to the consideration of zoning matters, the consequent ability for an interested party to develop a more thorough record in proceedings before the BZA, and, finally, the likelihood that the council, vested with substantial discretion in the matter, may defer substantially to the recommendation of the BZA.

To agree with the city's argument would ignore Code requirements, rendering them nullities. Specifically, if the BZA is permitted to make recommendations based upon incomplete applications, and the council is permitted to render final decisions despite the BZA having failed to comply with the Code in reaching its recommendation, then the Code provisions with regard thereto are superfluous. We must presume that the drafters of the Code did not intend to create superfluous provisions. Therefore, we reject this argument.

We conclude that the application for a conditional-use permit submitted by the Legion to the BZA did not comply with the Code. We further conclude that the BZA did not comply with the Code, because it made recommendations based upon an incomplete application and it did not prepare written findings of fact. Therefore, we conclude that the decision to recommend the grant of the conditional use was contrary to the Code, and the decision of the council to permit the use, which cannot be presumed to

have been made independently of, and without regard to, the BZA's recommendation, is therefore invalid. Accordingly, Anderson's first assignment of error is sustained.

**{¶28}** In contrast, this Court held in *Weinfeld v. Welling*, Stark App. No. 2000CA0011 (April 9, 2011),

Weinfeld urges application of the standard set forth in *Freedom Twp. Bd. of Zoning Appeals v. Portage Co. Bd. of Mental Retardation* (1984), 16 Ohio App.3d 387, 389, which held that an error in proceedings before a board of zoning appeals is not reversible unless it affects the substantial rights of the complaining party. In *Stebelton v. Boblenz,* (Dec. 6, 1993), Fairfield App. No. 16-CA-93, unreported, we rendered the following guidance:

"Despite the mandatory language of the resolution, requiring that certain information be provided in a notice of appeal, the resolution does not make inclusion of such information jurisdictional as to BZA. It is apparent from the transcript of the hearing before BZA that appellants were not prejudiced by the defective notice of appeal, as all parties clearly understood the piece of property under consideration, and were aware that the zoning was R R. Further, [Appellant] stated at the hearing that the failure to include the information in the notice of appeal was irrelevant.

*Id.* at 2." [Quotations added.]

Thus, we are inclined to analyze this notice issue under a "prejudicial error" standard of review; i.e., to consider whether the record demonstrates

prejudice to the Wellings due to the errors on the face of the notice of hearing. ***

**{¶29}** Both the court in *Anderson* and this Court in *Weinfeld* reviewed the record before the Board to determine if there was any source of information to relieve the prejudice caused by the errors in the defective application and/or notice. In *Anderson,* the Second District did not find the Board had before it any other source of information regarding the matters to be set forth in the missing narrative statement; therefore, the Second District concluded the Board made recommendations based upon an incomplete application; lacking jurisdiction.

**{¶30}** We distinguish the holding in *Anderson* from this Court's holding in W*einfeld*, wherein we imposed a "prejudicial error standard of review" inquiring whether the record demonstrated prejudice to Appellant due to errors on the face of the notice of hearing. Upon review of the record, we held all parties understood the nature of the proceedings, including the property involved and the zoning changes sought, concluding there was no actual prejudice caused by the defective notice.

**{¶31}** Here, it is clear from the record Alex Brendel attended the March 27, 2014 hearing before the Jackson Township Board of Zoning Appeals. Alex Brendel was presented to the Board by Ralph Wyngarden as the owner of the property. During the hearing, Ralph Wyngarden introduced himself stating, "Also here with me is the property owner, Alex Brendel, and the site acquisition agent, Monica Pitchure, from Site Quest, and the design engineer, Mike Pitchure, who could answer questions of a structural nature if there are any." Tr. at 11. Accordingly, we find the trial court's conclusion the Board had before them the owner of the property, whose presence implied consent to the

Conditional Use Permit application through his presence at the hearing, and approval through acquiescence was not an abuse of discretion.

**{¶32}** Appellant also maintains the notice of the hearing was defective.

**{¶33}** R.C. 519.15 reads, in pertinent part,

The board of zoning appeals shall fix a reasonable time for the public hearing of the appeal, give at least ten days' notice in writing to the parties in interest, give notice of such public hearing by one publication in one or more newspapers of general circulation in the county at least ten days before the date of such hearing, and decide the appeal within a reasonable time after it is submitted. Upon the hearing, any person may appear in person or by attorney

**{¶34}** As discussed in *Weinfeld*, supra, here all parties understood the nature of the proceedings, the scope of the CUP and the parcel of property involved. Appellant attended the hearing and had the opportunity to speak before the Board. The notice was published ten days before the hearing in a newspaper of general circulation, and the appeal was decided within a reasonable time. We find Appellant has not demonstrated prejudice as a result of any defect in the notice herein.

**{¶35}** We find the trial court did not abuse its discretion in finding the administrative order was supported by reliable, probative and substantial evidence.

**{¶36}** Appellant's first and second assignments of error are overruled.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur